B. F. WRIGHT v. J. G. THOMPSON.

Where a bond for title contained no notice of the purchase money, except a stipulation to refund it, in case the obligor should be unable to make title, it was held that the bond in effect acknowledged the receipt of the purchase money.

The vendor, having sold the land (by bond for title) received the money and placed the vendee in possession, has no concern with the subsequent transactions of the vendee or those who represent him in relation to his claim in the land. When required to make title, he may refuse to convey to an assignee of the vendee, unless he show a regular chain of assignments; but he cannot seize on the land himself, on pretext of defects in the mesne conveyances between subsequent vendees.

Where the Court charged the jury, that proof by one of the subscribing witnesses to a bond for title, (which acknowledged the receipt of the purchase money,) that he did not see the purchase money paid, was not sufficient to overturn the acknowledgment in the bond, it was held that such charge was not as to the weight, but as to the legal effect of evidence, which it is the province of the Court to give in charge to the jury.

The objections to testimony admitted must be stated in the bill of exceptions.

It seems that in an action of trespass to try title, a witness is competent, in behalf of the defendant, to prove that the defendant is in possession as his tenant.

Appeal from Houston. Harper was merely offered to prove that the defendant occupied the land as his tenant. He was objected to as incompetent, but the ground of incompetency was not stated in the bill of exceptions. The bond recited that Stephens was then in possession of the land. It was in the penal sum of $2,000, conditioned to convey the tract of land in controversy, containing ninety acres, by good and sufficient title, as soon as the obligor should receive a patent, or in case he should not be able to make title, to pay back the money with interest and to pay for all improvements. The amount of the purchase money was not stated in the bond. Nor was its receipt acknowledged otherwise than by its payment not being made a condition of completing the conveyance, and by the stipulation for its repayment as aforesaid. It appeared from the testimony, that Wright denied the pay-

ment of the purchase money. The transfer from Garnett was as follows : January 8th, 1848, I transfer the within bond of Wm. Stephens to James McMillan for value received, without any recourse in law or equity, as administrator of Wm. Stephens, deceased. It appeared that Stephens "had a family," but whether he left any children did not appear.

*Yoakum & Taylor*, for appellant. I. The rule that plaintiff in an action to try title, must rely upon the strength of his own, and not the weakness of defendant's title is admitted. (Hughes v. Lane, 6 Tex. R. 289.) The rule that defendant can set up a "superior outstanding title" in a third person, is also admitted. (Styles v. Gray, 10 Tex. R. 504.) But what is meant by a superior outstanding title ? It means a title at law ; not a covenant to convey. There is a manifest difference between them, and the difference has been recognized in this Court. (Hemming v. Zemmerschitte, 4 Tex. R. 159 ; Lynch v. Baxter, Id. 433.)

In the case of Kepler & McMillin, in Dallam, a character and dignity are given to title bonds, which perhaps neither the law nor any subsequent adjudication of this Court would sustain. There is a manifest reason why defendant in eject- ment cannot set up a bond for title in a third person, as a defence. He is not prepared to litigate the equities between the obligor and obligee in the bond, nor would such litigation be conclusive between the parties to the bond.

In the case before us the bond was fraudulently sold by Garrett, the administrator of Stephens, January 8th, 1848, without an order of Probate Court. The bond was never returned in the inventory. All who had the bond were privy to the fraud and parties to it. But Wright contends that in fact no consideration had been paid, and the bond had been cancelled.

II. The Court erred in charging upon the weight of evi- dence, in saying that the proof by subscribing witness that he saw no money paid, was not sufficient, &c. But defendant had

introduced Wright's statement that there had been no consideration paid.

III.   The Court erred in permitting Harper to be examined. So far as his claim was worth anything, he was the party in interest.

*G. F. Moore,* for appellee.

HEMPHILL, CH. J.   This action, to try title, was commenced in February, 1855.   In 1842 the plaintiff had sold the land to one Stephens, executing a bond for title and acknowledging, in effect, that he had received the purchase money.   Stephens went into possession in 1843, and died in 1844 or 1845.   His widow married Garrett, who administered on the estate of Stephens, and who in January, 1848, assigned the bond (by indorsement) to McMillan, signing his name as administrator of Stephens.   McMillan afterwards assigned, by indorsement, to Harper.   And the defendant, Thompson, was recognized by Harper, and so stated by him in evidence, as his tenant.   The possession had been, to a great degree, continuous—first by Stephens, and then by those who claimed under the assignment from the administrator of Stephens.   It was proved, however, that the administrator of Stephens had no authority to sell, there being no order of the Probate Court, nor was he joined by his wife in the sale.

The judgment was for defendant, and the plaintiff appealed.

The errors assigned are :

1st.  In the charge.

2nd.  In refusing charges.

3rd.  In admitting an incompetent witness.

4th.  In not granting a new trial ; and

5th.  In other respects.

The first assignment, viz : of error in the charge, is justly complained of by counsel for appellee, as being too vague ; but having been informed by appellant's counsel, of the specific objections, he discusses them in his brief.

The principal objection is to the instruction, that if the land had been sold by the plaintiff to Stephens, and had not been re-purchased by plaintiff from Stephens, or some one holding under him, then he (the plaintiff) could not recover. In connection with this may be considered one of the charges asked by plaintiff and refused, to the effect that the defendant could not set up a title bond in a third person, not a party to the suit, as a defence against a title to the plaintiff from the Government, without first showing a transfer from the obligee in the bond.

It is an admitted principle, that in an executory contract for the sale of land, equity considers the vendor and vendee reciprocally trustees for each other, one for the land and the other for the purchase money. In contemplation of equity, the vendee is actually seized of the estate ; and this seizure becomes perfect, on the payment of the purchase money. We have repeatedly decided that the equitable title of the vendee, who is not in default, may be set up in defence, against an action by the vendor, to eject him from possession, and that such title will sustain an action for the recovery of the land. (8 Tex. R. 42 ; 3 Id. 462 ; 5 Id. 23 ; 7 Id. 210.)

The title of the vendee not in default, and especially after the payment of the purchase money, is superior to that of the vendor. In fact the latter is but a shadow, contrasted with the substance and efficacy of the former. The vendee has an undisputed right to this title, and can constrain the conveyance, if not voluntarily made, and equity looks upon what ought to be done, as actually performed. It is very clear that the plaintiff could not recover against Stephens, the vendee, or any claiming under him by assignment valid in law—and the question is, can he recover against the defendant, the assignment by Garrett to McMillan being invalid and contrary to law ; and this will depend upon whether, in law, he should be considered a mere naked trespasser, having legally no connection with, or right under, the sale to Stephens by the plaintiff. For were he a mere trespasser, intruding upon the land, re-

gardless of the rights of either vendor or vendee, it would seem that the title of the vendor would be sufficient to sustain an action for the possession, and that the defendant could not set up the bond to the vendee, as a superior, outstanding title. The vendor still has title in the land, which, though subordinate to that of the vendee, is sufficient to repel the mere intruder.

But in this case the defendant is not to be regarded as a mere trespasser. The assignment of Garrett, the administrator of Stephens, to McMillan, though void, on the evidence, and without effect as against the wife and heirs of Stephens, yet may be regarded as a permission to McMillan to go into possession, and which has never been revoked or disturbed by any one having competent right or authority. The vendor having sold the land, received the money and placed the vendee in possession, has no concern with the subsequent transactions of the vendee or those who represent him in relation to his claim in the land. When required to make title, he may refuse to convey to an assignee of the vendee, unless he show a regular chain of assignments ; but he cannot seize on the land himself, on pretext of defects in the mesne conveyances between subsequent vendees. Their respective rights, legal or equitable, must be adjusted between themselves. In such controversy, he has no interest. As long as the possession continues with the permission of the vendee or his representatives, no matter in what way that permission be given, the vendor cannot disturb such possession or claim it for himself.

Where a vendor has not surrendered possession, there is no doubt that he could maintain it, against any one except the vendee or a claimant under him by valid conveyance. But where the vendee has gone into possession, the purchase money being paid, the vendor would have no right to resume possession, unless against an intruder who set up no claim under the vendee and discarded all connection with him. We are of opinion that there was no error in the charge as given,

nor in the refusal to give the instruction as asked by defendant.

Another objection to the charge is, the instruction that proof by one of the subscribing witnesses to the bond from Wright to Stephens, that he did not see the purchase money paid, is not sufficient to overturn the acknowledgment of Wright in his bond, that he had received value for the land. This is said to be improper, as charging on the weight of evidence. But this is not a charge upon the weight, but upon the legal effect of such evidence, and this it is the province of the Court to give in charge to the jury.

As to the objection to Harper as a witness, on the ground of incompetency, it is sufficient that the specific objection to his testimony does not appear from the bill of exceptions. This should be stated, that it may be obviated if possible, and that the substance, if there be any in the objection, may be known. His evidence was as much, if not more against than for his interest. For if there had been recovery for plaintiff, he would have been responsible over to defendant, having acknowledged himself as the landlord.

Judgment affirmed.