GILES H. BURDETT, ADM'R, v. C. Q. HALEY ET ALS.

TRESPASS TO TRY TITLE—PARTIES.—When a decedent during his lifetime purchased and paid for land and had the deed made to his son, who afterwards became the administrator of his estate and inventoried the land as property of the estate, the son may, in his capacity of administrator, maintain trespass to try title for its recovery, under a petition stating the facts and alleging a resulting trust in favor of the deceased father. Such a petition sets up an equitable cause of action good on demurrer.

APPEAL from Falls. Tried below before the Hon. X. B. Saunders.

Giles H. Burdett, as administrator of his father, Jesse Burdett, deceased, sued defendant C. Q. Haley and others to try title and recover the league of land granted J. W. Carpenter, situated in Falls county. Defendants pleaded a general demurrer, which was sustained by the court. Plaintiff appealed.

The petition was filed August, 1868. It stated that on the 1st of January, 1868, petitioner, as such administrator, was lawfully seized, possessed, and owned the land in controversy, describing the same by metes and bounds, &c.; that on that day he was ousted of the same, "and continues so to be ousted by said defendants"; concluding with usual prayer.

In explanation of his title, petitioner further stated "that his intestate bought said land and paid the purchase-money therefor, but, for some reason unknown to petitioner, said Jesse took the deed for the same in the name of your petitioner, but in truth and in fact petitioner has no interest in said land, except simply as one of the heirs of his father; * * that as such administrator he returned in his inventory of said estate said land as belonging to said estate, and it has ever been considered and acted upon by the court * * * as the property of said estate, at the instance and with the consent of petitioner; wherefore he holds the legal title to said land for the use and benefit of said estate."

To this defendants filed a general demurrer November 21, 1872, which was overruled March 18, 1874. After several trials and new trials granted, the case came up again for trial March 21, 1877, when the demurrer was sustained, with leave to plaintiff to amend; to which ruling plaintiff excepted.

It would appear from statements made in this court by counsel and not contradicted, that the court gave as the reasons for sustaining the demurrer that Jesse Burdett might have taken the deed in the name of his son to avoid his creditors, and the son, (the plaintiff,) when he filed the inventory, might have inventoried the land as belonging to his father's estate to avoid his own individual creditors, and therefore both transactions were fraudulent and void.

The plaintiff then filed an amendment fully meeting and answering the suggestions of fraud, and also that he had, under oath, returned this land as assets of his father's estate; that said inventory had been regularly recorded and was, of itself, equivalent to a judgment *in rem*—a record estoppel against the legal title in plaintiff; that said land so conveyed to him was not intended by his father as a gift or advancement to him, and that he never set up any claim to the same other than as holding the legal title for his father and his estate, and that his father always claimed the equitable es-

tate. To which as well as to the original petition the defendants insisted upon their demurrer, which was sustained.

*James C. Walker*, for appellant Burdett.—The consideration having been wholly paid by Jesse Burdett, deceased, as admitted by the demurrer, invested him with the equitable title to the land, which, of itself, was sufficient to support this action. (Neill *v.* Keese, 5 Tex., 23; Easterling *v.* Blythe, 7 Tex., 214.)

The inventory made out and sworn to by plaintiff returning said league as the property of the estate, the recording the same, and the action of the court thereon, were, as to the plaintiff, equivalent to a judgment *in rem* as to the right of property in the land in favor of the estate and an estoppel against plaintiff; and the solemn admissions in said original and amended petitions are also an estoppel against plaintiff and his heirs from all claim of any right and benefit from the simple fact of his father having taken the deed in his name. (Portis *v.* Hill, 30 Tex., 563; Burleson *v.* Burleson, 28 Tex., 416; Scoby *v.* Sweatt, 28 Tex., 731.)

*William H. Hamman*, for appellees.—We maintain that, upon the facts as stated in the petition, the presumption is that the father intended to make an advancement to the son, or to donate the land to him.

If this was the intention of the father at the time, then the legal and equitable title passed to and vested in the son, Giles Burdett. How was it divested?

The mere fact that Giles Burdett, as administrator of his father's estate, inventoried the land and never claimed it as his own, did not divest the title. Giles Burdett is not estopped from setting up title in himself against the heirs of his father, and certainly not as against appellees, who are strangers to the estate and to the heirs of Jesse Burdett, deceased. Mere equities may be abandoned; legal titles must be divested by legal methods. The relations and circumstances of the

parties have in no way been affected or changed by the acts, as alleged, of Giles Burdett. His rights of property in the land do not depend upon his knowledge of the facts upon which his rights depend, but upon the existence of the facts.

In estoppels there must be mutuality. Cases cited by counsel for appellant have, we think, no application to the case at bar. If we are correct, appellant shows that he cannot maintain the action in the capacity in which he sues, he being the owner of the land and not the estate of his father, for which he sues. The action of the court below must be sustained.

BONNER, ASSOCIATE JUSTICE.—It is a well-established principle, that, as a general rule, when the consideration is advanced by one party and the deed is taken in the name of another, a resulting trust arises in favor of him who advances the purchase-money.

As between father and son, the presumption might arise that it was intended as an advancement to the son, rather than a resulting trust to the father; subject, however, to be rebutted by evidence of a different intention.

In this case the pleadings expressly aver that the purchase was intended as a resulting trust in favor of the father and not as an advancement to the son, and negative any presumption of fraud in the transaction; and the son, who is the plaintiff, is by the record estopped from denying the same.

This certainly, under the other allegations in the petition, constituted an equitable cause of action in the plaintiff which was good on demurrer.

For the error in the court in sustaining the demurrer, the judgment below must be reversed and the cause remanded.

REVERSED AND REMANDED.