WM. CROFT v. P. A. PECK.

(Case No. 1906.)

1. PERFORMANCE — EQUITY — INTENTION.— Plaintiff alleged that he was the owner of the naked legal title to a tract of land; that at the request of the equitable owner he sold the land, paid the proceeds to the latter, and gave a warranty of title; that the equitable owner then executed to him a bond, in which he agreed that in case a judgment was rendered against the vendor on the warranty, he would pay him the amount of the judgment with all costs, etc. That the title to a portion of the land failed, and the vendor became liable on his warranty for $2,500; that suit was threatened, and he compromised by paying $1,200, and obtained a release from further liability. The vendor then sued the equitable owner on his bond for the $1,200. Held:

(1) That under the common law the defendant was liable only in the event a judgment for the amount sued for was rendered against him on his warranty.

(2) That under the system of this state, if the plaintiff stated a case entitling him to equitable relief, a demurrer was improperly sustained.

(3) Equity will extend relief even if the party seeking it has not strictly complied with the terms of the contract, when such non-compliance does not affect the essence of the agreement, and does no violence to the clear intention of the parties, nor shows gross negligence in the complainant.

(4) That all the important stipulations of the bond on the part of the vendor were performed; the purchase money, the consideration, was paid to defendant, and he was relieved from liability on the warranty upon more favorable terms than the requirements of the bond would have brought about. The fact that the minor requirement as to the manner of performance was not carried out affords no defense in equity.

* The record in this cause could not be procured in time for the case to appear with the cases of the Austin Term, 1885.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

Wm. Croft, holding the naked legal title to two tracts of land in Navarro county, at the instance and request of P. A. Peck, the beneficiary, conveyed the same by warranty deed to William and Mitchell Gray on the 8th day of November, 1867, and the proceeds of the sale, $1,000, were turned over to Peck on the 13th November, 1867. At the time Peck received the money, he, for the purpose of indemnifying Croft against loss on account of his covenant of warranty in the deed to Wm. and Mitchell Gray, executed and delivered to Croft his written obligation, as follows:

"THE STATE OF TEXAS, *County of Navarro:*

"Know all men by these presents, that I, P. A. Peck, of said county and state, am held and firmly bound to Wm. Croft, of said state and county, in the sum of $2,500, for the payment of which, to be made to said Croft, his heirs or assigns, I hereby bind myself, my heirs, executors and administrators, firmly by these presents. Signed with my hand, and scrolls for seals, this 13th day of November, A. D. 1867.

"The conditions of the above are such that, *whereas,* said Wm. Croft did on the 8th day of November, 1867, sell six hundred and forty acres of land, known as the Morris Webb survey, or Hickman place, in Navarro county, and two hundred and fifty-three acres of land adjoining or cornering with said survey, to Wm. and Mitchell Gray, of Anderson county, for $1,000, giving them a general warranty deed therefor, day and date last above written; which deed is hereby referred to for a full description of the land conveyed, and consideration therefor; *and whereas,* said Croft has this day paid over and appropriated the proceeds of said lands to me, and for my use and benefit, the receipt of which is hereby acknowledged:

"Now, if any judgment should ever be rendered against said Croft, his heirs or legal representatives, upon his warranty in said deed, and I, or my heirs or legal representatives, should, within three months from the date of said judgment so rendered upon said warranty, pay said Wm. Croft, his heirs or assigns, the full amount of the same and all costs of suit, and expenses incurred therein, then this obligation to be null and void, otherwise to remain in full force and effect. P. A. PECK.

"Attest: S. H. KERR."

On the 27th day of November, 1884, suit was instituted by Rolla Polk against Gray and others for five hundred and ninety acres of

the land described, and on the 22d day of August, 1885, recovered the land by judgment of the district court of Navarro county, ousting Gray and others, who were in possession, claiming under Croft's deed. To avoid a suit by Gray on the warranty, Croft compromised by paying $1,200, saving several hundred dollars by the transaction. He notified Peck that he had paid the $1,200 on his warranty, and demanded that he make him whole by refunding that amount to him. Peck refused, and thereupon Croft instituted this suit for recovery of the amount paid out by him, more than three months having elapsed. Peck interposed a general demurrer, which was sustained and the cause dismissed by the court.

*Frost, Barry & Lee*, for appellant, cited: Burris *v.* Wideman, 6 Tex., 231; Canal Co. *v.* Hill, 15 Wall., 94.

*Beale & Autry*, for appellee.

WILLIE, CHIEF JUSTICE.— The petition, to which a general demurrer was sustained below, alleged that Croft held the naked legal title to a tract of land, and at the request of Peck, the equitable owner, sold the same, and paid over to the use and benefit of the latter the proceeds of the sale. That Croft having warranted the title, Peck, the beneficiary of the sale, executed to him a bond, in which he agreed that, in case any judgment should be rendered against Croft upon the warranty, he would pay Croft the full amount of such judgment within three months after its date, together with all costs of suit and expenses incurred therein.

It was further alleged that suit was commenced and a recovery had against the vendees of Croft for a large portion of the land conveyed by his warranty deed; that the title conveyed and warranted by Croft had failed to that portion, and he was liable to pay to said vendees the amount of the purchase money paid for it, together with interest, in all about $2,500.

That said vendees were threatening suit for this amount; that they could have prosecuted it successfully, and that Peck would, in case of such suit, have been compelled to pay the amount above stated.

That, in order to save himself and Peck the payment of such a large sum, which would have been the actual measure of damages in case of suit, besides the expenses of litigation, Croft paid to his vendees the sum of $1,200, and secured a release from all further liability on the warranty, and thereby saved to himself and Peck more than $1,300. That Croft notified Peck of this settlement, and

demanded of him payment of the $1,200, according to the terms of the bond, which having been refused, this suit was commenced for the recovery of that amount.

It appears from the brief of appellee's counsel that the general demurrer was sustained to the petition because it showed that the defendant below was liable for the amount sued for only in the event that a judgment for that amount should be rendered against Croft upon his broken warranty.

In a suit at common law, where the distinction between law and equity is maintained and observed, this rule would doubtless be correct; but in our state, where no such distinction is allowed, a plaintiff may recover when he shows himself entitled to relief, either at law or in equity. Neil v. Keese, 5 Tex., 23; Wright v. Thompson, 14 Tex., 561; Scarborough v. Arrant, 25 Tex., 129.

If, therefore, the plaintiff below made out in his petition a state of case which would have entitled him to a decree in his favor, according to the principles of equity, the demurrer was improperly sustained.

He alleged the existence of a contract between himself and the defendant, in which the latter, in consideration that he had received the benefit of the purchase money of a tract of land sold by the plaintiff, agreed to hold the plaintiff harmless against any loss he might incur by reason of a failure in the title to the land which he had conveyed with covenants of warranty; the indemnity to be furnished within a specified period of time.

This was the substance of the contract. The balance referred only to the means by which the amount of the plaintiff's loss was to be ascertained and established.

Whilst the common law would exact a compliance with the formal provisions of the instrument, equity looks only to the substance of the contract, and grants relief accordingly as this has been complied with by the parties.

A court of chancery "will extend relief to the party who seeks it, even if there has not been a strict legal compliance with the terms of the contract, when such non-compliance does not affect the essence of the agreement, and does no violence to the manifest intention of the parties, nor show gross negligence in the complainant." Shaw v. Livermore, 2 Greene (Ia.), 338; 2 Story's Eq. Jur., § 771.

It will grant relief where the plaintiff, by reason of some extrinsic circumstance, or even by his own default, has not performed, and cannot perform, all the conditions necessary to be performed by him in order that an action at law might be maintained; provided

these conditions are not of the essence of the contract. 3 Pom. Eq., § 1297; McCorkle v. Brown, 9 S. & M., 167; Scarborough v. Arrant, 25 Tex., 129.

In this case the only condition stated in the bond as precedent to Croft's right to recover, and which had not been fulfilled, was the entry of a judgment against him for the sum for which he was liable by reason of the failure of his title to the land. Had that been done, the plaintiff's right to a recovery would have been complete. The performance of this condition had been prevented by an act of Croft which resulted in saving Peck a large amount of money which he would have been compelled to pay had judgment been entered against Croft as stipulated in the agreement. The land had been recovered from his vendees in a regular action at law. The title conveyed by him had failed, and he was liable to a judgment for the value of the land and interest in a suit by his vendees. The payment of the money for which he obtained a release and satisfaction of the warranty for himself and Peck was something which he could have been forced to do, had he abided the event of a suit upon the warranty. Not only so, but he would have been forced to pay more than double that amount, and could have recovered from Peck more than twice as much as is claimed in this suit. All the important stipulations of the bond which could be complied with on the part of Croft had been performed. All the objects of the contract beneficial to Peck had been attained. He had received the purchase money of the land, which was the consideration moving him to enter into the agreement. He had been removed from all danger of any suit upon the warranty, and this upon more favorable terms than the requirements of the bond would have brought about. After all these essentials of the contract had been fully performed by the plaintiff, to say that he shall not enforce it against the defendant, because some minor requirement as to the manner in which they should be performed has not been literally carried out, although a result more favorable to the defendant than if the requirement had been fulfilled has been attained, is to disregard the well established principles of equity to which we have alluded, and do an injustice, which it is the end and aim of those principles to avert and avoid. We think the court erred in sustaining the demurrer, and for this error the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 20, 1885.]