SASS & COHEN v. EDWARD HIRSCHFELD.

Decided March 1, 1900.

**1. Appeal Held Perfected Within Twenty Days—Two Orders of Court.**

The minutes of the court showed briefly that a motion by plaintiff to correct a judgment, filed after the close of the term, was heard and overruled, with note that plaintiff excepted and gave notice of appeal; and they also showed another order, entered six days later, reciting fully the nature of the motion, the correction sought to be made, and the manner in which the alleged error in the judgment occurred, and adjudging that the motion be overruled with costs to defendant. It did not otherwise appear why the second order was made. Held, that an appeal bond filed within twenty days from the date of the last order was in time.

**2. Judgment—Correction After Close of Term Denied.**

Where plaintiffs recovered judgment against the defendant for certain goods held by the latter as trustee for the benefit of creditors, and their judgment for costs was against the defendant "as trustee," their motion to correct the judgment on the ground that the pleadings and evidence showed that the judgment for costs should have been against the defendant personally came too late after the close of the term at which the judgment was rendered.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Spencer & Kincaid,* for appellant.

GARRETT, CHIEF JUSTICE.—This appeal is from a judgment of the District Court of the Tenth Judicial District overruling a motion filed by the appellants to correct the judgment in their favor against the appellees, Edward Hirschfeld and Arthur Mildenberg. The judgment was rendered July 6, 1899, and the motion was filed after the adjournment of the term of the court at which the judgment was rendered. On October 3, 1899, at the next term, the motion was submitted by the parties, considered by the court, and overruled. A brief order of that date appears in the minutes, which, after giving the style of the case and the date, and reciting that the motion came on to be heard, adjudges "which said motion, being duly considered, is overruled," and concludes with note of plaintiffs' exception and notice of appeal. The record shows that another order was entered on October 9, 1899, which, after

giving the style and number of the case, recited fully the nature of the motion, the correction to be made, and the manner in which the alleged error occurred, adjudged that the motion be overruled, and that the defendant Arthur Mildenberg recover of the plaintiffs his costs by reason of the motion. An exception to the judgment and notice of appeal in open court was noted.

The appeal bond was filed on October 25th, more than twenty days after the original order was made, but within less than twenty days from the last order. Appellees have made a motion to strike the case from docket because the appeal was not perfected. It is claimed by them that the court actually made no other order than that entered as of October 3d, but the record shows otherwise, and this court must presume that the record speaks the truth. If it does not, and the appellees desired to have it corrected, they should have had it done by proper proceeding in the lower court. Boggess v. Harris, 90 Texas, 476. So, as shown by the record, the court actually made two orders in the case, one on the 3d and the other on the 9th of October. Appellants contend that the first order is not of a final character, and does not so dispose of the matter in controversy as to be a final judgment. We do not think, however, that it is necessary to decide this question. Indulging every presumption, as we should, in favor of the last order, we must presume that the subsequent action of the court was properly invoked, and, whether necessary to do so or not, it revised its former order, corrected and amended it so as more fully to show the action of the court; and this being the case, we are of the opinion that the appeal bond, having been filed within twenty days from the date of this order, was in time.

But the correction of the judgment sought to be made was not of a clerical error. Appellants brought suit against Hirschfeld and Mildenberg to set aside the sale of goods made by them to Hirschfeld, on account of fraud, and averred that the goods were in the possession of Mildenberg. A portion of the goods were seized under a writ of sequestration. Mildenberg's defense was that he had received the goods as trustee for certain creditors of Hirschfeld, which was shown to be the fact. Judgment was obtained by the appellants against both Hirschfeld and Mildenberg for the goods sequestered, and having replevied the goods, the only money judgment against Mildenberg was for costs against "Arthur Mildenberg, as trustee." It is claimed that from the pleadings and the evidence and the verdict of the jury the judgment for costs should have been against Mildenberg personally. This may be true, but, if true, the attempt to limit the effect of the judgment to liability as trustee would be an error of law subject to revision only on appeal. There is a recital in the judgment overruling the motion, that the words "as trustee" were interlined by the judge in the draft of the judgment submitted to him by counsel for appellants, though for what purpose did not appear. This recital amounts to nothing more than that the court gave no reason for thus limiting the liability of

Mildenberg. It was undeniably the judgment of the court that appellants should recover costs against Mildenberg as trustee, whether correct or not, and it was not authorized to change it on a motion to correct made after adjournment for the term. Whether or not the words "as trustee" after the name of Arthur Mildenberg in the judgment has the effect of limiting his liability, we do not decide, both because it is unnecessary to do so, and because the question can not be raised on a motion to correct the judgment. We express no opinion as to whether or not the judgment may be enforced against Mildenberg personally. The judgment of the court below will be affirmed.

*Affirmed.*