## B. F. STAFFORD v. R. E. STAFFORD.

### No. 1127.   Decided November 10, 1902.

**1.—Limitation—Suit for Land—Establishing Deed as Mortgage.**

A suit to recover land of plaintiff which defendant's testator, owner of a half interest in common with plaintiff, had bid in at a sale under execution against plaintiff, with agreement to hold the sheriff's deed as security for the repayment of the money as a loan to plaintiff, payment of such loan being tendered, was not barred by the statute of limitation of four years, under article 3358, Revised Statutes. (Pp. 110-112.)

**2.—Same.**

The action was for the recovery of land, by the equitable against the legal owner, whether such transaction constituted the sheriff's deed a mortgage or made the purchaser a trustee for plaintiff; that plaintiff alleged the facts specially, did not alter the nature of the action nor render it subject to the rules of limitation governing actions not otherwise provided for (Revised Statutes, article 3358), instead of those applying to suits to recover land. (P. 112.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Colorado County.

*W. L. Adkins,* for appellant.—This being an action for trespass to try title, based upon allegations showing that the sheriff's deed to R. E. Stafford was intended as a mortgage, and therefore did not pass the title to the lands out of appellant, the statute of limitation of four years, nor of any other period, unaccompanied by adverse possession of the land, would bar plaintiff's suit.

That sheriff's deed, like any other deed, may be shown to be a mortgage, Hirshfield v. Howard, 59 S. W. Rep., 55; Satterwhite v. Loomis, 81 Texas, 64; Woodfin v. Marks, 58 S. W. Rep., 227; Thompson v. Thompson, 54 S. W. Rep., 145; Robinson v. Bank, 3 S. W. Rep., 656; 1 Jones on Mort., 5 ed., sec. 332; Sweetzer's Appeal, 71 Pa. St., 264. That the suit, being for land, unaccompanied by adverse possession, is not barred, Wynne v. Kennedy, 33 S. W. Rep., 298; McCampbell v. Durst, 40 S. W. Rep., 315; McCelvey v. McCelvey, 38 S. W. Rep., 473; State v. Snyder, 66 Texas, 687.

As to the second question, appellant contends: First, that conceding for the sake of argument that the transaction was not a mortgage but an express trust, and that absence of knowledge would put the statute in motion, yet, as that want of knowledge does not appear from the face of the bill, it must be pleaded in defense, and can not be raised by demurrer. 2 Perry on Trusts, sec. 872; Gibbons v. Bell, 45 Texas, 417. Second, that if such transaction constituted a trust and not a mortgage, it was an express trust, created by the contract of appellee's said husband, as managing partner of their community estate, which was binding upon the community, himself, his heirs, legal representatives, and privies, and, as it existed at his death, descended to her as surviving partner, heir, legal representative, and voluntary devisee, and she was therefore, both individually and in her representative capacity, charged

with notice thereof and could only put an end to the continuance of said contract, and set the statute in motion by a repudiation, evidenced by adverse possession, or claim of ownership to the land, brought home to appellant; and in support of this contention the following authorities are cited: Redding v. Redding, 15 Texas, 249; 1 Perry on Trusts, secs. 14, 15, 217, 241; Golson v. Fielder, 21 S. W. Rep., 173; Peterson v. Ward, 23 S. W. Rep., 637; Gibbons v. Bell, 45 Texas, 417.

*M. H. Townsend* and *Denman, Franklin & McGown,* for appellee.— The trial court correctly held that the sheriff's deed to R. E. Stafford, dated December 3, 1889, was not in the legal effect a technical mortgage conveying no title to R. E. Stafford, but was a deed vesting the legal title in R. E. Stafford as an express trust to be reconveyed by R. E. Stafford to B. F. Stafford, "upon settlement of their business affairs." Satterwhite v. Loomis, 81 Texas, 64; Hirshfield v. Howard, 59 S. W. Rep., 55; White v. Frank, 91 Texas, 72; Rev. Stats., arts. 631, 2375-2376; Arnold v. Cord, 16 Ind., 177; Wolford v. Herrington, 74 Pa. St., 311; Marlatt v. Warwick, 18 N. J. Eq., 108; Combs v. Little, 4 N. J. Eq., 310; Dobson v. Erwin, 4 Dev. & Bat. (N. C.), 201; Hawkins v. Sneed, 3 Hawkins (N. C.), 149; Vannoy v. Martin, 6 Ired. Eq. (N. C.), 169; Vestal v. Sloan, 76 N. C., 127; Mulholland v. York, 82 N. C., 510; Williams v. Williams, 8 Bush. (Ky.), 241; Lillard v. Casey, 2 Bibb (Ky.), 459; Martin v. Martin, 16 B. Mon. (Ky.), 8; Green v. Ball, 4 Bush (Ky.), 586; Denton v. McKenzie, 1 Desau. Eq. (S. C.), 289; Miller v. Antle, 2 Bush (Ky.), 407; Langhorne v. Payne, 14 B. Mon. (Ky.), 624; Trapnall's Admr. v. Brown, 19 Ark., 39; Alston v. Wilson, 44 Iowa, 130; Dorsey v. Cock, 4 Bibb (Ky.), 46; Kenny v. Marsh, 2 A. K. Marsh (Ky.), 46; Yoder v. Standiford, 7 Mon. (Ky.), 478; Bruce v. Morrison, 5 B. Mon. (Ky.), 33; Wallis v. Wilson, 34 Miss., 357; Gillespie v. Stone, 70 Mo., 505.

The title having passed to R. E. Stafford by the sheriff's sale, B. F. Stafford could not recover in an action of trespass to try title purely, but must first establish the trust arising out of the agreement between B. F. Stafford and R. E. Stafford and then recover the land in consequence of such establishment, and therefore plaintiff's action is primarily one to establish the trust and incidentally to recover the land. Hearst v. Kuykendall, 16 Texas, 327; Miller v. Rusk, 17 Texas, 170; McCampbell v. Durst, 40 S. W. Rep., 320.

Though it be conceded that R. E. Stafford took the title under an express trust by virtue of his agreement and so held it until his death, nevertheless his devisee, S. E. Stafford, who took title solely through the will and not under any agreement either expressed in the will or made by her, took and held for herself, and if charged with a trust in favor of B. F. Stafford, it is a constructive trust forced upon her by law by reason of the fact that her devisor held under an express trust and she received from him by devise, and therefore the statute of limitations of four years for the establishment of such constructive trust as against

her began to run upon the probate of the will of R. E. Stafford, which was more than eight years before the filing of this suit, and therefore the trial court correctly held plaintiff's action to establish the trust barred. Hill on Trustees, 173; Perry on Trusts, 5 ed., sec. 244; Taylor v. Dawson, 3 Jones Eq. (N. C.), 86; Wilson v. Simpson, 80 Texas, 287; People v. Houghtaling, 7 Cal., 348.

While the general proposition is conceded that a trustee holding upon an express trust can not plead the statute of limitations as against the cestui que trust, still, since B. F. Stafford could not demand a conveyance of this property without first settling the accounts between himself and R. E. and S. E. Stafford and thus ascertaining the amount he must pay, and since he did not bring this suit for such accounting and establishment of the trust until long after his right to sue for an accounting and S. E. Stafford's right to sue him for any balance due was barred by limitation, and since he stood quietly by and allowed S. E. Stafford, the devisee, without knowledge of the alleged trust, for many years to pay all taxes and to pay to the State the deferred payments of interest and principal on the land purchased, thereby preserving the property which would otherwise have been lost, knowing that she was without knowledge of the alleged trust, and since he did not bring the suit until the property had greatly enhanced in value and until she had sold portions thereof to others and until more than four years after he filed another suit against her for an accounting, on March 3, 1894, and since it is apparent that on account of the death of R. E. Stafford, the long lapse of time and the other circumstances above stated, a just settlement could now be had with great difficulty, if at all, and B. F. Stafford had availed himself of the opportunity of speculating upon increase in value of the property and the loss of evidence by time, a court of equity will now decline to give him relief on the ground that his claim is barred and that he is guilty of laches, and states no reason whatever why he did not urge his claim sooner or under more equitable circumstances. De Cordova v. Smith, 9 Texas, 129; Abraham v. Ordway, 158 U. S., 416; Hammond v. Hopkins, 143 U. S., 224; Insurance Co. v Austin, 168 U. S., 685.

It being a condition precedent to B. F. Stafford's right to enforce the trust by compelling the conveyance of the land that he should have an accounting and ascertain and pay the amount due by him, his cause of action accrued within a reasonable time from the date of the sheriff's sale and if not, it accrued within a reasonable time after the death of R. E. Stafford, and the qualification of his administratrix and such reasonable time could not at most be more than four years after the date of R. E. Stafford's death, July 7th, 1890, and since this suit was not instituted until August 19, 1899, the court correctly held that plaintiff's suit to establish the trust was barred by the statutes of limitations of four years.

Since plaintiff's right to enforce the trust and receive a conveyance of the property must have been preceded by the ascertainment and payment

of the amount due by him to R. E. Stafford and his devisee, S. E. Stafford, as alleged by him, "when they had a settlement of their business affairs," which implies a friendly settlement, and since his pleadings show that they failed to make a friendly settlement and he sued S. E. Stafford to recover the amount charged against him in statement rendered by her, said suit being filed March 3, 1894, the court correctly held that limitation began to run against plaintiff herein upon the filing of that suit, and that plaintiff was barred by the statute of four years when the present suit was filed, August 19, 1899.

The right of R. E. Stafford and his devisee, S. E. Stafford, to sue for and recover amount due upon settlement from B. F. Stafford, and the right of B. F. Stafford to demand a conveyance of the property in accordance with the trust agreement were reciprocal, and when B. F. Stafford delayed bringing suit to enforce his rights for such a time that the right of R. E. Stafford and his devisee, S. E. Stafford, to force him to an accounting and the payment of the balance due was barred, then B. F. Stafford's right to enforce the trust was also barred, or at least a court of equity will refrain from giving him relief against the legal title in the hands of S. E. Stafford, after he has waited so long that the remedy against him has been lost by the bar of the statutes. Arlington v. Liscom, 34 Cal., 365; Koch v. Briggs, 14 Cal., 257; Grattan v. Wiggins, 23 Cal., 16; Cunningham v. Hawkins, 24 Cal., 403; Espinosa v. Gregory, 40 Cal., 58; 2 Hilliard on Mortgages, sec. 21.

In support of a motion for rehearing, which was overruled, the following considerations were urged by counsel for appellee:

We respectfully insist that with the exception of this opinion it is the settled law in this State that plaintiff can not maintain an action of trespass to try title unless he has a complete legal or equitable title. It not being claimed in this case that plaintiff Ben Stafford under the facts above stated had a legal title, but his rights being purely of an equitable nature, we will only discuss the question as to whether he had an equitable title. We insist that plaintiff can not have an equitable title unless from the salient facts of the transaction so far as performed and recognized by the parties before appealing to the courts, the law deduces the conclusion that defendant ought to convey the land to the plaintiff without anything further being done. Thus if defendant has agreed to convey to the plaintiff and plaintiff has subsequently paid the purchase money (Wright v. Thompson, 14 Texas, 558); or if the plaintiff has bought at execution sale and paid the bid but has received no deed (Miller v. Alexander, 8 Texas, 36); or where the father purchased and paid for land, taking the deed to his son, and the latter afterwards recognized the trust and sued for the land as administrator of the father (Burdette v. Haley, 51 Texas, 540); or where parties agree to acquire land together, one purchasing the certificate and the other agreeing to do the work of locating and bearing the expense, each having performed his part (Gibbons v. Bell, 45 Texas, 417); or where plaintiff has pur-

chased at an administration sale and has paid the money but has received no deed (Easterling v. Blythe, 7 Texas, 210; Erhart v. Bass, 54 Texas, 98); or where the grantee deeded on the 2d of September, 1830, before his title of possession issued, purchase money, however, being paid by the vendee in said deed (Martin v. Parker, 26 Texas, 259),—in all these cases the salient facts which had transpired between the parties before they appealed to the courts established as a matter of law a complete right or equity in the various plaintiffs to have formal conveyances of the property, and equity, acting upon its established maxim of regarding that as done which ought or owes to be done, considered the superior title as being in the respective plaintiffs. This would be equally true in a case where A, with trust funds belonging to B, purchases land and takes the deed to himself. For the salient facts make it obligatory upon A to convey to B. In all such cases the party entitled to the conveyance under such facts can, under our system, maintain an action for the land, or as we technically term it, trespass to try title.

The cases cited by the court to sustain its opinion herein, some of which are cited by us above, all go to this extent, but no further, and we do not believe that any decision of this court heretofore rendered has ever gone any further. We have been able to find no case which allows a plaintiff to recover in trespass to try title upon an equity unless the salient facts existing before appeal so made to the courts entitled him to conveyance without his doing any more.

BROWN, Associate Justice.—The Court of Civil Appeals for the First District has certified to this court the following statement and questions:

"This suit was brought by B. F. Stafford for the recovery of an undivided interest in certain lands and for partition, on allegations which for the purposes of this certificate may be stated in substance as follows.

"He averred that on and prior to the 3d day of December, 1889, he and R. E. Stafford, the husband of appellee, were the joint and equal owners of certain lands described in the petition. That one Carlton, having a judgment against appellant for $968.03, had his (appellant's) interest in the lands seized under execution and advertised to be sold by the sheriff on the 3d day of December, 1889. That prior to the sale he had arranged with R. E. Stafford to lend him the money to pay off the judgment and prevent the sale, taking a mortgage on the land as security, but the latter failed to draw up the papers, so on the day of sale it was agreed that R. E. Stafford should attend the sale, buy in the land for appellant, paying for it with the money agreed to be loaned, taking the deed from the sheriff in his (R. E. Stafford's) own name, but simply for the purpose of a mortgage to secure the loan. That in accordance with this agreement R. E. Stafford attended the sale, bid in the property, taking the deed to himself, and reported to appellant that he had bid in the property for $1000, which would slightly exceed

the judgment, and that appellant should get the overplus from the sheriff, so that the debt would be an even $1000, which could be repaid when they had a settlement of their mutual accounts growing out of a course of dealing between them. That on the 7th of July, 1890, and before such settlement was had, R. E. Stafford died, leaving appellee his sole devisee. That suit by appellant became necessary to compel a settlement of the mutual accounts between him and his deceased brother, which suit was filed on the 3d day of March, 1894, against his widow, the appellee, and settlement was finally had by compromise in 1899. This suit had no reference to appellant's claim to the land. That during his life R. E. Stafford had set up no claim to the land, but at all times admitted appellant's title, and that appellee never set up any claim to the land until about three years before the filing of this suit. It was further alleged by appellant that the land in question had been purchased by him and his brother from the State and that certain payments of purchase money had been made by his deceased brother and by the appellee after his death, on the joint account of himself and them, and he tenders all he may owe of such payments, as well as the amount of the loan and interest, and prays for judgment for his interest in the land and for partition.

"By supplemental petition he alleged that appellee had sold a part of the lands at great profit and he prayed to be permitted to share therein, and that his share be offset so far as it would go against what he might be found to owe for purchase money paid on his account. There was no allegation that appellee had knowledge at the time of her husband's death or afterwards that the sheriff's deed was by parol agreement to operate as a mortgage for the security of the loan, or that the deed was otherwise than an absolute conveyance.

"To these pleadings appellee specially excepted on the ground that they showed on their face that appellant's right to have the absolute deed of the sheriff declared a mortgage was barred by the statute of limitation of four years.

"The trial court sustained the exception and B. F. Stafford, refusing to amend, has appealed.

"We held that the trial court erred in sustaining the exception; that the facts alleged constituted a mortgage by reason of the parol agreement, and that neither the statue of limitaions of four years nor stale demand applied.

"First Question. Did we err in so holding?

"Second Question. If the facts alleged constituted a trust and not a mortgage, would the mere absence of knowledge on the part of the devisee that the deed to her deceased husband was otherwise than an absolute conveyance set the statute in motion?"

In answer to the questions propounded, we reply, that the statute of limitation of four years does not apply to the facts set out in the certificate. The question of stale demand was not raised by the exception, and is therefore not before us for decision.

Article 3358 is in this language: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterward." The plaintiff's petition set up the facts upon which the recovery was based and concluded with a prayer, "for judgment for his interest in the land and for partition." The action was brought for the recovery of real estate, and therefore does not come within the terms of article 3358.

It is not necessary for us to determine whether the facts constitute a mortgage or a trust, because if it be a mortgage, the title was in B. F. Stafford, and upon that he could maintain this action. If it were held that the transaction constituted a trust in R. E. Stafford, then B. F. Stafford was the beneficiary of that trust and held the equitable title to the land which upon the tender of the sum due became absolute, and he could institute this action to recover the land without previous suit to declare the existence of the trust. Easterling v. Blythe, 7 Texas 210; Miller v. Alexander, 8 Texas 36; Secrest v. Jones, 21 Texas, 121; Martin v. Parker, 26 Texas, 264; Gibbons v. Bell, 45 Texas, 423; Burdett v. Haley, 51 Texas, 540.

In Secrest v. Jones, the vendor had given a bond for title to the land in question and the purchase money had been paid. The vendor refused to convey the land and the vendee brought an action of trespass to try title, and it was held that upon the payment of the purchase money the title became absolute in the vendee. There can be no question that the equitable title to this land was in B. F. Stafford under the allegation of his petition, and he could maintain such action for the recovery of the land as might have been maintained if he had the complete legal and equitable title. The fact that he set out the facts which constituted his cause of action does not change the character of the suit; it is as much an action for the recovery of real estate as if it had been in the form of trespass to try title.