ROBSON v. MOORE et al. (No. 5270.)

(Court of Civil Appeals of Texas. San Antonio. April 22, 1914. On Motion for Rehearing, May 20, 1914.)

1. APPEAL AND ERROR (§ 622*)—FILING TRANSCRIPT—TIME.

The 90 days from the time of giving notice of appeal, within which the transcript must be filed, should be computed from the giving of the notice of appeal recited in the order overruling a motion for new trial, instead of from the notice recited in the judgment theretofore entered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2732–2735; Dec. Dig. § 622.*]

2. APPEAL AND ERROR (§ 564*) — STATEMENT OF FACTS—TIME OF FILING.

A statement of facts, which was filed in the trial court September 10, 1913, and in the Court of Civil Appeals on September 17, 1913, was filed too late, and will not be considered, where judgment was rendered May 24, 1913, and the order overruling the motion for new trial was made on May 30, 1913.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564.*]

3. TRESPASS TO TRY TITLE (§ 19*)—DEFENSES —EQUITABLE TITLE.

An equitable title can be sued upon or set up as a defense in an action of trespass to try title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 22; Dec. Dig. § 19.*]

4. TRUSTS (§ 44*)—EVIDENCE.

Evidence held not to sufficiently show that land conveyed was taken under a parol trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 66–68; Dec. Dig. § 44.*]

5. TRUSTS (§ 44*)—CONSTRUCTIVE TRUST.

Where the trustee is dead, a parol trust should not be ingrafted on a deed to land without clear and satisfactory evidence thereof, and such evidence is not satisfactory where the party suing to establish a trust withholds the best on the question.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 66–68; Dec. Dig. § 44.*]

On Motion for Rehearing.

6. APPEAL AND ERROR (§ 345*) — NOTICE OF APPEAL.

A notice of appeal given in the term in connection with the order overruling a motion for new trial, after notice of appeal had been given when judgment was rendered, was valid; the trial court having control of the judgment during the term.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1895, 1896; Dec. Dig. § 345.*]

7. APPEAL AND ERROR (§ 937*) — PRESUMPTION.

Where a transcript was filed during vacation, it cannot be presumed that the clerk filed it by order of the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3788–3794; Dec. Dig. § 937.*]

8. APPEAL AND ERROR (§ 628*)—FILING OF TRANSCRIPT—DELAY—WAIVER.

Where appellee received notice of the filing of the transcript pursuant to Court of Civil Appeals rule 7b (142 S. W. xi), and did not move to dismiss the appeal because the transcript was filed too late until more than seven months thereafter, he waived the delay in filing the transcript, and cannot excuse his own delay on the ground that he called attention to the time of filing the transcript as soon as he could after appellant's brief had been filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2750–2764; Dec. Dig. § 628.*]

Appeal from District Court, Fayette County; Frank S. Roberts, Judge.

Action by Lucy Robson, executrix, against T. W. Moore and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

C. E. Lane, of Austin, and C. D. Krause and L. D. Brown, both of La Grange, for appellant. Dyer Moore and John T. Duncan, both of La Grange, for appellees.

MOURSUND, J. Mrs. Lucy Robson, as executrix of the last will of W. S. Robson, sued Dr. T. Warren Moore and H. B. Kaulbach, alleging that the estate of W. S. Robson is the owner of one-eighth of three certain tracts of land in Fayette county, and that defendant Moore owns the other seven-eighths thereof, but that defendant Kaulbach has a mortgage upon Moore's interest therein; that plaintiff and Moore both claim title from a common source, to wit, T. C. Moore and his wife, Martha Moore, both deceased, who were the parents of defendant Moore; that W. S. Robson acquired title to his said interest at sheriff's sale under an execution issued upon a judgment in favor of H. B. Kaulbach against T. Warren Moore, at which sale W. S. Robson, J. T. Duncan, and H. B. Kaulbach purchased; and that Duncan and Kaulbach conveyed their interests to T. Warren Moore. Plaintiff prayed that the interest

claimed by her in said lands be established, and that partition be had.

Defendants answered by a general denial, a special denial that W. S. Robson ever owned any interest in the lands described in plaintiff's petition, and alleged at considerable length the transactions leading up to the execution sale under which plaintiff claims —the substance of said allegations being that the judgment under which said sale was made was owned by Kaulbach, John T. Duncan, and L. W. Moore, Duncan and Moore having, as partners, acquired by assignment from Kaulbach a one-half interest in the claim upon which the judgment was rendered; that neither of said parties ever transferred or promised to transfer to Robson any interest in said judgment; that Robson superintended the sale under the execution and bid in the land, crediting the bid upon said judgment and paying no money; that the deed should have been to Kaulbach, Duncan, and Moore, because Robson owned no interest in the judgment, and used Moore's interest therein to pay for the interest in the land conveyed to Robson, without authority from Moore; that by reason of the facts mentioned Robson took the title as trustee for L. W. Moore; that thereafter Kaulbach, Duncan, and Moore sold the land to defendant Moore, who gave Kaulbach a deed of trust thereon. Defendants prayed that they go hence without day and recover their costs.

Plaintiffs filed a trial amendment, containing a general demurrer to the answer and a general denial thereof. Judgment was rendered that plaintiff take nothing by her suit. Upon request of plaintiff, the court filed findings of fact and conclusions of law.

[1, 2] Appellee suggests that we may not have jurisdiction to entertain the appeal. The judgment was dated May 24, 1913. The order overruling the motion for new trial is dated May 30, 1913. Both the judgment and order recite notice of appeal. The transcript was filed August 26, 1913. If the 90 days is to be computed from the giving of the first notice of appeal, the transcript was not filed within such time; if from the notice given upon the overruling of the motion for new trial, the filing was within the 90 days. We are of the opinion that the time should be computed from the giving of the second notice of appeal. But it further appears that this transcript was filed in the Court of Civil Appeals for the First District on August 26, 1913, and as that court had discretion to permit it to be filed after 90 days, it will be presumed that the clerk of said court acted in accordance with his duty in filing the same, and did so under authority from the court. It also appears that the suggestion by appellees comes too late; that appellees by their long delay have waived their right to ask for a dismissal. City of Eagle Lake v. Lakeside Sugar Refining Co., 144 S. W. 709. However, the statement of facts, being filed September 10, 1913, in the trial court, and in this court on September 17, 1913, will not be considered by us.

[3] The first question raised by appellant is whether defendants could prevent plaintiff from recovering a judgment upon the deed to W. S. Robson, in the absence of a decree granting a correction of such deed, so as to make it read that one-fourth was conveyed to L. W. Moore, instead of to Robson. The theory of appellant is that a suit would have to be brought to correct the deed, but this contention cannot be sustained. No mistake was made in the deed. It was drawn just as Robson and the sheriff intended it; but if the facts alleged are true, then L. W. Moore had the superior equitable title to the land, and Robson held the legal title in trust for said Moore. It is well established in this state that an equitable title can be sued upon or urged as a defense in an action of trespass to try title. Neill v. Keese, 5 Tex. 29, 51 Am. Dec. 746; Stafford v. Stafford, 96 Tex. 112, 70 S. W. 75; Burdett v. Haley, 51 Tex. 540; Wright v. Thompson, 14 Tex. 561; Hix v. Armstrong, 101 Tex. 275, 106 S. W. 317; McKamey v. Thorp, 61 Tex. 648; Burns v. Ross, 71 Tex. 516, 9 S. W. 468; Pearce v. Dyess, 45 Tex. Civ. App. 406, 101 S. W. 550; Hill v. Moore, 62 Tex. 612. In the case of Stafford v. Stafford, supra, it was held that a suit could be brought to recover land by the beneficiary of a trust upon his equitable title without a previous suit to declare the existence of the trust. The cases of Railway v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39, and Gilmore v. Oneil, 139 S. W. 1162, cited by appellant, are not in point. Those cases, in determining questions of limitation, merely distinguish actions to correct or cancel a deed from actions to recover land.

It is further contended by various assignments of error that the judgment is not supported by the evidence. The court found that the execution deed described in plaintiff's petition was in fact made, and thereby Robson acquired the legal title to one-fourth of the half interest in the land thereby conveyed, but that plaintiff could not recover upon such title, because the judgment under which the sale was made was owned, one-half by Kaulbach and one-half by Moore & Duncan, a firm composed of L. W. Moore and John T. Duncan, and that the bid made by Robson evidenced by said deed was paid by crediting the amount thereof upon the judgment, and that neither Kaulbach, Moore, nor Duncan ever conveyed to Robson any interest in the judgment, and that Robson paid no costs; that W. S. Robson and John T. Duncan formed a partnership for the practice of law at the time the firm of Moore & Duncan was dissolved, but that the evidence fails to show that Robson & Duncan succeeded to the assets or business of Moore & Duncan. From these findings the court concluded as a matter of law that L. W. Moore's interest in the judgment entirely paid for the interest conveyed to Robson, wherefore a resulting trust

was created, and, as defendant held under L. W. Moore, plaintiff could not recover.

The court infers that Robson's interest must have been purchased with Moore's part of the judgment, doubtless because of the fact that Duncan had one-fourth conveyed to him; but as Duncan was looking after this matter for Moore & Duncan, and wrote the sheriff's return on the execution, as well as the sheriff's deed, and at the time he and Robson had dissolved partnership, it occurs to us that a more reasonable theory to deduce from the facts is that Duncan, as the partner who looked after the business of the dissolved firm of Moore & Duncan, agreed to give Robson one-fourth of the judgment for certain services in the matter of collecting the same, and that Duncan, in taking the title to the other one-fourth in his name, took same in trust for Moore & Duncan. All the facts indicate an agreement on the part of Duncan to convey Robson one-fourth, and, as Duncan had a one-fourth interest in the judgment, it seems that Robson should hold one-fourth, which should be charged to Duncan, or to the firm of Moore & Duncan, if the facts warrant it. The deed could have just as easily been made to L. W. Moore as it could to Robson, if the part of the judgment used in paying for the interest conveyed to Robson in fact belonged to L. W. Moore, and when that sale was superintended by Duncan, who knew all the facts and who wrote the instrument and had it executed, it will be presumed to speak the truth, in the absence of a full and satisfactory showing to the contrary. While the court concludes that Duncan made no transfer to Robson, that conclusion is in direct conflict with the facts found by the court upon which it is based, and, being unable to reconcile the two, we deem it proper to discard the conclusion and adhere to the facts.

[4, 5] The evidence is far from being clear and certain to the effect that L. W. Moore's interest in the judgment entirely paid for the interest conveyed to Robson, and we think that it is not sufficient to ingraft a trust by parol upon a deed. There is probably but one witness who could, by his testimony, throw light upon the transaction between Duncan and Robson, and he failed to testify. Robson and Moore are dead. Kaulbach knew nothing of the partnership arrangements of Moore, Duncan, and Robson. The only survivor of the two law firms did not disclose those arrangements. A trust should not be ingrafted on a deed to land, where the trustee is dead, without clear and satisfactory evidence, and evidence should not be satisfactory to any court when the best and most direct evidence of the existence or nonexistence is withheld by the party seeking to establish the trust. The case should be thoroughly investigated, and all known testimony tending to throw light upon the subject produced, scrutinized, and given such weight as it may deserve. It was not incumbent on appellant to place the witness in question on the stand, for she might well have considered him adverse to her. Appellees should be compelled to fully disclose all testimony bearing on the trust. Justice to the memory of the dead, to the interests of the living, demands a full, fair, and exhaustive investigation.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

[6] There is no merit in appellees' contention that the second notice of appeal is void. The trial court had control of its judgment during the term, and having entertained a motion for new trial after the first notice of appeal was given, and entered an order overruling same, the notice of appeal then given was valid. Sass & Cohen v. Hirschfield, 23 Tex. Civ. App. 1, 56 S. W. 602.

[7, 8] As the transcript was filed during vacation, the presumption cannot be indulged that the clerk filed it by order of the court; but appellee cannot excuse his laches by saying that he called attention to the time of filing transcript as soon as he could after appellant's briefs were filed. He does not deny that he received notice as provided by rule 7b (142 S. W. xi) of the filing of the transcript, yet for more than seven months he failed to file any motion to dismiss. We therefore conclude that, if we should be in error in computing the time from the second notice of appeal, then appellee waived the late filing of the transcript.

We adhere to our decision upon the merits of the case, and overrule the motion for rehearing.