### ZIMMERN et al. v. UNITED STATES.
No. 7702.

Circuit Court of Appeals, Fifth Circuit.

Jan. 16, 1936.

For former opinion, see 79 F.(2d) 703.

Jesse F. Hogan and Norman H. Ratner, both of Mobile, Ala., for appellants.

Francis H. Inge, U. S. Atty., and Leo H. Pou, Asst. U. S. Atty., both of Mobile, Ala.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

PER CURIAM.

While a careful reconsideration convinces us that we did not err in dismissing the appeals, we think our reasons for doing so should be more fully stated.

All of the petitions insist that the appeal time runs not from March 3, 1934, when the decree ordering sale was entered, but from August 13, 1934, when the ninth paragraph was added, providing that the property was to be sold subject to Mrs. Zimmern's dower rights. If they are correct in this, their appeals were in time.

Mrs. Leila Zimmern, in addition, presents the point that she did file a motion for rehearing in time, and that her time for taking the appeal did not commence to run until that motion was acted on. She attaches to her motion filed here, a copy of what she calls her "motion for new trial," and asks that since it does not appear in the record, we have the record corrected to bring it up.

When we decided the case we thought that the addition of the ninth paragraph was not the making of a new decree, and that the time for appealing must be computed from the entry of the original decree. Since the record did not show the filing of any other motion than the one Zimmern filed, we thought the motion styled "amended" filed by him after the appeal time had run came too late to avail him, and that the others were too late since they had not filed any motion.

Taking the copy of the "petition for rehearing" attached to her petition for rehearing here as a correct copy of what she actually filed in the trial court, we still think the appeal time ran as to her from the entry of the original decree, and that she appealed too late.

The District Court petition for rehearing she sets out as "Exhibit A" to her petition for rehearing in this court, did not seek to set the decree aside. It did not complain of the decree in any of the particulars of which she now complains. It accepted the decree as to the sale of Samuel Zimmern's interest. It merely set up that since she was a party defendant to the suit the government had brought, the decree as entered might cast a cloud upon her dower interest, and it ought therefore to be definitely stated in it that her dower interest was not being sold. This was a matter, as the petition shows, not of complaint against, but of the construction of the decree. The point made in the petition was merely that the decree be so worded as to make certain that it would carry the construction that the court had intended to sell, not her dower interest, but only Samuel Zimmern's interest in the property. The petition for rehearing she filed in the District Court concludes this way: "For these reasons we respectfully apply, on behalf of Mrs. Samuel Zimmern, for a rehearing to the extent of modifying the decree of sale so as to refer exclusively to her husband's interest in the property, and not to include her dower interest."

After this petition was filed the court entered an order: "It appearing to the court that a decree was entered in this cause on March 3, 1934, and for good reasons shown it will be necessary to modify or amend said decree, it is ordered that the November term of this court is extended for ninety days in which time all matters and orders in connection with this cause and the amendments to the decree, may be entered."

Thereafter Samuel Zimmern, on August 10, 1934, came into the cause with what he styled an "amended petition of defendant for rehearing." This petition recited that he had been taken by surprise on the trial by the statement of counsel conducting it that he did not represent him (Zimmern). Thereupon, after saying that because of that surprise Zimmern had not presented his defenses properly, he proceeds with his motion for rehearing attacking the decree. On the 13th of August the decree was amended, reciting: "This matter coming on to be further heard on motion of respondents for a rehearing of the decree entered on March 3, 1934, and it appearing to the court that the lands should be sold subject to respondent Leila Zimmern's dower rights, it is ordered that the decree be amended by adding Paragraph #9 and that as to all other matters and on all other grounds, the motion for rehearing is denied."

Taking up first Mrs. Leila Zimmern's status as affected by the motion for rehearing she filed in the trial court, it seems quite plain that in the sense of a motion for rehearing attacking the decree and endeavoring to set it aside, no motion was filed by her. She merely asked for an addition to the decree, and got it. We do not think that such a petition as she filed operates, as to the decree itself, to extend the time of appealing from it within the decisions holding that the decree denying the motion for new trial, and not the original decree, is the final decree from which an appeal should be taken. United States Shipping Board Emergency Fleet Corporation v. Galveston Dry Dock & Construction Co. (C.C.A.) 13 F.(2d) 607; Mortgage Loan Co. v. Livingston (C.C.A.) 45 F.(2d) 28; Union Guardian Trust Co. v. Jastromb (C.C.A.) 47 F.(2d) 689; Mitchell v. Maurer (C.C.A.) 67 F.(2d) 286; Payne v. Garth (C.C.A.) 285 F. 301; Kingman & Co. v. Western Mfg. Co., 170 U.S. 675, 18 S.Ct. 786, 42 L.Ed. 1192.

All of these cases were cases in which motions attacking the decree or judgment were denied; not, as here, where motions accepting the decree, but asking an addition to it, were granted. These cases have for their reason that a judgment is not final as long as a motion to set it aside is pending. Here there was no motion to set the judgment aside, only a petition to say

what was already implied in the decree. Such a petition not attacking the decree, nor seeking to set it aside, could not extend the time for appeal from it. Since, therefore, if the petition were filed here it could not affect the result, it is unnecessary to amend the record by ordering it brought up.

■■■ Taking up the other question, which applies equally to all the appellants, that the real decree appealed from was not the original, but the amended decree, we think the same considerations which guided and governed the decision of the first point guide and govern this. It is, of course, the general rule that the appeal is from the final decree, and under that rule if after a decree has been entered a later one is entered taking the place of the first one, it is the later decree and not the first one which is appealed from as the final decree.

■■ The general rule is that the time for taking an appeal runs from the rendition of an appealable judgment. This general rule as to the running of time, "holds good when a judgment is amended or modified in particulars not changing its character." 3 C.J. 1047; Alabama Coal & Navigation Co. v. State, 54 Ala. 36; Savings & Loan Society v. Horton, 63 Cal. 310; Agassiz v. Kelleher, 11 Wash. 88, 39 P. 228; Crowell v. United States (D.C.) 281 F. 835. If, however, the amendment is in a particular changing the character of the decree, the time of the amendment to the judgment or order must be taken as the true date of its rendition. 3 C.J. 1047, 1058, Billson v. Lardner, 67 Minn. 35, 69 N.W. 477; In re Potter's Estate, 141 Cal. 350, 74 P. 986; Hayes v. Silver Creek & Panoche Land & Water Co., 136 Cal. 238, 68 P. 704; Henry v. Boulter, 26 Tex.Civ.App. 387, 63 S.W. 1056; Sass v. Hirschfeld, 23 Tex.Civ.App. 1, 56 S.W. 602.

In Billson v. Lardner, the trial court first made findings of fact and an order, and then, by agreement of parties, made new findings of fact and a new order on them, and these were substituted for the first. Held, appeal dated from the last order.

In Re Potter's Estate a judgment dismissing a petition for specific performance was amended by adding a judgment for costs. Held, the amended judgment was the appealable one.

Appellants argue their motion as though the August entry was a new decree. We do not think it was. The old decree stood without change, except that there was written into it a clause making clear what was already implicit in it, that Mrs. Zimmern's dower interest was not being sold.

Neither the petition for rehearing Mrs. Zimmern filed, nor the amended motion filed too late by Samuel Zimmern, nor the August addition to the decree, had any effect to enlarge the time for appealing from the decree of March 3d. All of the appellants were too late in taking their appeals.

The motion for rehearing is denied.