DANIEL KERNAGHAN V. ALEXANDER HALL.

The statute requires forty days after the perfection of an appeal or writ of error as the least time in which the party is required or permitted to file the record. The party is also allowed two years from the rendition of the judgment to prosecute error. (Paschal's Dig., Arts. 4616, Notes 1026.)

A showing that the party applied for the record, but the clerk had no time to prepare it, is no sufficient excuse for not filing it in time.

APPEAL from Cameron. The case was tried before Hon. E. BASSE, one of the district judges.

Hall having recovered a judgment in debt against Daniel Kernaghan, the latter filed his appeal bond on the 13th December, 1867, but the record was not certified until the 8th January, 1868, and it was filed on the 17th January thereafter. Mr. Ballinger, for the appellant, on the 24th February, filed the following affidavit:

"Now comes the appellant in the above-entitled cause, and moves this honorable court to place the said cause on the docket of this court, and to entertain jurisdiction thereof, and makes said record and the indorsements thereon part of this motion, and in support of said motion now here shows cause, as follows:

"That said transcript and record were not finished and completed by the clerk of the district court of Cameron

until the 7th instant, and on the succeeding day it was delivered to appellant's attorney; that appellant's attorney directed said transcript to be made up and completed immediately on the perfection of said appeal, as appears by said record, and on the 2d of January, 1868, asked for and demanded said transcript, but could not and did not obtain the same until the 8th instant on account of the failure of said clerk to finish and complete said transcript, and that said failure arose from the great press of official duties on the part of said clerk, and his engagement in making up a number of transcripts of appeals from said court subsequent to the last adjournment thereof, and his inability sooner to complete said transcript; that said transcript was mailed on the 8th instant, to the clerk of this court, and would have reached Galveston on the 9th by due and regular course of mail, but owing to the springing up of a norther the mail-boat was unexpectedly detained several days at Brazos Santiago, and from that cause said transcript did not reach the clerk of this court, and was not filed by him until the 13th instant; the failure to file said transcript in this court on or before the day fixed for the calling of the district including Cameron county was not from any neglect, delay, remissness, or fault of appellant, his attorneys, agent, or any one on his behalf, but from the failure and inability of the clerk of said district court to complete said transcript, as hereinbefore stated, and from the providential detention of said mail-steamer, and from no other causes, and that appellant was in nowise concerned therein, and should not be responsible therefor, nor his rights forfeited or lost.

"Appellant in support of this motion refers to the affidavits filed herewith.　　　Daniel Kernaghan.

"By　　　　　　　　　Ballinger, Jack & Mott,

"*His Attorneys.*

"W. P. Ballinger, on oath, says that he has been written to to give attention to the above cause, and is counsel

therein in this court; that the preceding motion is made in good faith, and from information he believes the facts to be true, though they are not of his personal knowledge; and that opportunity has not been sufficient to enable him to get other or further affidavits from Cameron county, believing these sufficient for this motion.  W. P. BALLINGER.

"Sworn and subscribed to before me, this 24th day of February, A. D. 1868.  GEO. W. HONEY,
"*Clerk Supreme Court.*"

MORRILL, C. J.—We have examined the application of the plaintiff in error, wherein it is sought to have the above-entitled cause docketed, and consider that the applicant has not shown good cause why the record was not filed in due time.

The statutes require forty days after the perfection of an appeal or writ of error to elapse as the least time in which the party is required or permitted to file the record. The party is also allowed two years for this purpose, [to prosecute error.]

It can certainly be known at the time of the rendition of a final judgment whether a cause can be prepared for the subsequent succeeding term of the Supreme Court, and if it cannot, the party can just as easily take the cause by writ of error at the following term.

There are two parties interested in all legal proceedings, and we suppose that not the least important reason why forty days' notice to the opposite party was required to be given before a cause could be placed on the Supreme Court docket was to enable him to prepare the necessary arguments.

The statutes also authorize clerks to have deputies, and it is no excuse for a clerk to say he did not have time to prepare a record of ordinary service in one month.

We further consider that, by delaying to send the record until the last hour that by any possibility would be barely

sufficient to reach its destination in the designated time and when the chances are adverse, is not using the diligence required. ·

The cause under consideration will serve to illustrate our views as well as any.   The counsel, who has been notified that application would be made to have this cause docketed, was here at the time the Cameron district was called, and has returned home.   He did his duty in coming to the court, and had reason to suppose the cause would be on the docket.   Should the cause be now docketed, it would necessarily be heard *ex parte*, or the cause continued.

The statute requires good cause to be shown why a record was not docketed in due time.   Of course it will not be possible to say what constitutes good cause, but we think it may safely be said that such negligence as has been shown in this cause, and which is the only cause shown, is not a good cause.   The application is

REFUSED.