IDA R. MORRIS & L. T. WILSON v. M. G. DE WOLF.

No. 2052.

**Lease—Breach of Condition—Termination at Election of Lessor Only.**

Where a lease contract contains a proviso that on nonpayment of rent the term shall cease, it is only the lessor who has the elective right of determining the lease upon such breach of the contract being made, or he may, at his option, recover the rents stipulated for the unexpired term.

APPEAL from Baylor.   Tried below before HON. W. R. McGILL.

*D. A. Holman* for appellants.—Breach of contract by failing to pay the rent did not necessarily terminate the contract, but gave the plaintiffs the right to determine it and to re-enter, which they could waive or enforce.   It is axiomatic that provisions in a contract are to be construed in favor of the party for whose benefit they are given, and against those bound by the provision.   Evans v. Sanders, 33 Am. Dec., 297; Hoffman v. Insurance Co., 88 Am. Dec., 337.   Contracts will not be construed so as to defeat, but if possible to carry out the intention and obligation of the parties.   Watrous v. McKee, 54 Texas, 71; 75 Texas, 465; Grant v. Leach, 96 Am. Dec., 403; Atwood v. Cobb, 26 Am. Dec., 657.

No brief for appellee reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—July 14, 1893, appellee leased from appellants a hotel in the town of Seymour till the first day of May, 1895, paying $50 cash and agreeing to pay $100 on the first day of each month thereafter, and also agreeing to keep a first-class hotel.   The lease further provided: "On failing to do either, this contract shall cease and determine, and the party of the first part (lessors) shall have the right to re-enter and take possession of the same, which the said party of the second part hereby agrees on such condition to surrender."

The lessee made default in the first deferred payment, and left the premises; whereupon the hotel furniture was distrained, and this suit brought for the first year's rent, less the $50 paid.   The court gave judgment for one month's rent, but denied a recovery for the rest, upon the ground that, under the contract, the defendant had the right to refuse to pay the rent due on the first of any month, and terminate the lease, without being liable for rent thereafter to accrue.

To this construction of the contract we cannot assent.   Where a lease contract contains a proviso that on nonpayment of rent the term sall cease, the lessor, and not the lessee, has the elective right of determining it upon breach made.   The principle that no man is permitted to take advantage of his own wrong, prevents the lessee from doing so.   For a collection of the elementary authorities, as well as an able review of the English and American cases on the subject, see the opinion of the Supreme Court of Pennsylvania in the case of Willis v. Gas Co., 5 Law Rep.

Ann., 603. See, also, Brady v. Nagle (Texas Civ. App.), 29 S. W. Rep., 943, quite in point.

Therefore, upon the court's findings of fact, together with our conclusion from the statement of facts, that the lessors derived no revenue from the hotel during the period for which rents were claimed, the judgment is reversed and here rendered for appellants for the $1150 sued for, with foreclosure of the landlord's lien on the property set out in the judgment so reversed.

*Reversed and rendered.*

Delivered December 21, 1895.