### CASEY v. BELL et al.†

(Court of Civil Appeals of Texas. Nov. 16, 1910. On Motion for Rehearing, Jan. 18, 1911.)

1. APPEAL AND ERROR (§ 628*)—RECORD—FILING TRANSCRIPT—FAILURE TO FILE IN TIME—EFFECT.

On a motion to file a transcript, it appeared that the appellant had until October 17, 1910, to file it, and, although it could have been filed before that date, it was held until October 13th, when the appellant sought to have inserted in it a purported bill of exceptions in lieu of the original, which had been lost, and, on the refusal of the clerk to file it, had filed a motion to substitute, and delayed action on the motion until after the time for filing had expired. *Held*, that the appellant failed to show good cause for his delay in filing his transcript, and hence the motion would be denied.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2750–2764; Dec. Dig. § 628.*]

2. APPEAL AND ERROR (§ 659*)—RECORD—DEFECTS—CERTIORARI TO BRING UP RECORD—GROUNDS.

Where a transcript has been filed within the time allowed and it is afterwards desired to make a substitution in it, a writ of certiorari may be obtained to perfect the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2834–2843; Dec. Dig. § 659.*]

Appeal from District Court, El Paso County; James R. Harper, Judge.

Action between C. B. Bell and others and J. P. Casey, Jr. Judgment for Bell and others, and Casey appeals. Motion by appellant to file transcript. Motion overruled.

Davis & Goggin and M. W. Stanton, for appellant. W. M. Peticolas and J. H. McBroom, for appellees.

FLY, J. The transcript in this case should have been presented for filing to the clerk of this court on or before October 17, 1910. It was presented on October 28, 1910, and the clerk quite properly refused to file it. In the motion for leave to file the transcript it appears that the transcript was ready and could have been and was obtained by appellant three weeks before October 17, 1910; but he held the transcript until October 13th when he sought to have inserted in the record a purported copy of a certain bill of exceptions, in lieu of the original, which had been lost or misplaced. The clerk refused to put the substitute in the record. Instead of filing the transcript as soon as it was delivered to him by the clerk and taking the necessary steps afterwards to perfect the record, appellant filed a motion to substitute before the trial judge, and action was delayed on the motion

until after the time for filing had expired. Had appellant acted promptly he could have filed the transcript in this court before October 17, 1910, but he served notice of the motion to substitute on October 15, 1910, and made no effort to procure a hearing on the motion until October 19th, when the time for filing had expired. The clerk, it appears from the affidavit of Driscoll, the deputy district clerk, had delivered the original bill of exceptions to appellant's attorney, M. W. Stanton, and it was not returned to him. It was afterwards found in the office of the court stenographer.

No valid cause for the delay in filing the transcript is assigned; but, on the other hand, it appears from the showing made by appellant that the record was deliberately held by appellant while he was discussing the matter of a lost bill of exceptions with the deputy clerk, and having notice of a motion to substitute served on appellees. If the transcript had been filed in this court as soon as obtained by appellant, as it should have been filed, the proceedings in substitution could have been had, and a writ of certiorari obtained from this court to perfect the record. Appellant had a full and complete remedy for perfecting the record after reaching this court, and not having availed himself of it, he has failed to present good cause for his delay in filing the transcript.

The motion is denied.

### On Motion for Rehearing.

The affidavit of the deputy district clerk shows that the transcript was delivered to counsel for appellant fully three weeks, if not more, before October 17, 1910, the last day on which the transcript could be filed in this court, and he kept it for about a week, although it was several times demanded by the clerk who wished to complete the record. At that time the record was complete with the exception of the fourteenth bill of exceptions, the assignments of error, and the cost bill and certificate. On or about October 1st, the record was fully complete, containing what purported to be a copy of the bill of exceptions No. 14, and the clerk did not then certify to the record because the original bill of exceptions was not returned by counsel for appellant so he could compare it with the copy in the record made by appellant. The original bill of exceptions when last seen was in the possession of appellant's counsel. The deputy clerk states that he would have certified to the record and turned it over to appellant if the purported copy of bill of exceptions No. 14 had been withdrawn from the record. It is stated by the trial judge that, during the hearing on the motion to substitute the lost bill of exceptions, M. W. Stanton, counsel for appellant, had admitted that the substitute was erroneous in some particulars, and the court refused to substitute the bill of exceptions. It is stated by M. W. Stanton and appellant that the original bill of exceptions was placed in the hands of an employé of Stanton with instructions to deliver it to the clerk; but it was not so delivered and was afterwards found in the office of the stenographer, who did not know how it got there. Neither appellant nor his counsel ever suggested to the clerk the withdrawal of the purported copy of the last bill of exceptions and requested a certification of the record without the bill of exceptions. If such request had been made, the clerk would have certified to the record and delivered it to appellant in ample time to have filed it in this court before October 17, 1910. It is stated that M. W. Stanton, of counsel for appellant, was engaged in the trial of a criminal case for some days after October 1st, before a special judge, the regular judge being absent until about October 15th, and appellant could not get a hearing on the motion to substitute, but the special judge states that he was not requested to hear the motion to substitute. The motion to substitute was heard and denied by the regular judge on October 20th, and such refusal on the evidence tends to indicate that appellant had not been diligent in obtaining the transcript of the record and shows that the clerk was right in refusing to certify to the substitute, being a correct copy of the lost bill of exceptions. There were other eminent counsel for appellant, but their aid was not invoked in the preparation of the cause for appeal.

It is clear that the transcript, full and complete, with the lost bill of exceptions omitted, could have been obtained in ample time to have filed it in this court before October 17, 1910, and the substitution of the bill of exceptions could have been attempted as well after as before the transcript was filed in this court, and it would have been the duty of this court to have withheld action in this case until a reasonable time was given for a hearing in the district court on the motion for substitution, and the proceedings in connection therewith certified to this court. When the original bill of exceptions was found, a certiorari could have been obtained from this court to have it, or a certified copy of it, brought to this court. The transcript was held with full knowledge of the facts stated, and that the time for filing the transcript had expired. No good cause has been shown, and this court should not permit the filing of the transcript.

The motion is overruled.