## In re LAWRENCE'S ESTATE.

(Court of Civil Appeals of Texas. Austin. April 3, 1912.)

1. MANDAMUS (§ 57*)—NATURE AND GROUNDS — STATUTORY PROVISIONS — COMPLIANCE WITH STATUTE.

District and county court rule 100 (142 S. W. xxiv) provides that the acceptance of the transcript from the clerk without objection amounts to an assumption by the party of all responsibility for any deficiencies therein. Rev. St. 1895, art. 1015, provides that the appellant shall file the transcript with the clerk of the Court of Civil Appeals, and article 1410 provides that, when an appeal has been perfected, the clerk of the court shall, upon the application of either party, make out and deliver to him a transcript of the record. Held, that the duty of the clerk of the county court is clearly only to deliver the transcript to the person applying for it, and it is the applicant's duty to file the transcript in the appellate court, so that mandamus will not lie to compel the clerk of a county court to prepare "and transmit" a transcript to the clerk of an appellate court.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 68, 114, 120; Dec. Dig. § 57.*]

2. MANDAMUS (§ 57*)—RIGHT TO RELIEF—MAKING TRANSCRIPT — NECESSITY OF DEMAND.

District and county court rule 95 (142 S. W. xxiv) requires the clerk who has made a transcript on the application of either party to deliver it to such party or his counsel on demand. Rule 96 provides that the filing of an appeal bond shall be sufficient application to the clerk to prepare the transcript, and rule 98 requires that he indorse the transcript with the name of the person who applied for it and to whom it was delivered. Upon a judgment in probate proceedings an appeal bond was filed, but the clerk, receiving no reply to letters written to the party filing it, concluded that the appeal had been abandoned and prepared no transcript. Held, that while it is the duty of the clerk to prepare and deliver a transcript, if the party filing the appeal bond demand it, in the absence of a specific demand and refusal, mandamus will not lie from the Court of Civil Appeals to compel the making of the bond.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 68, 114, 120; Dec. Dig. § 57.*]

Application by Allie Kendall for appointment as guardian of the estate of William Lawrence. There was judgment adverse to the petitioner and she appeals. On petition by Allie Kendall for mandamus against J. S. Davis, clerk of the district court of Hays county, to compel the preparation and transmitting of a transcript. Writ refused.

Zumwalt & Key, for petitioner. Barber & McKie, of San Marcus, opposed.

KEY, C. J. This is an original proceeding consisting of an application filed by Miss Allie Kendall, asking this court to issue a writ of mandamus against J. S. Davis, clerk

of the district court of Hays county, to compel him to prepare and transmit to the clerk of this court a transcript. The respondent Davis has filed a sworn answer, and oral testimony has also been submitted by each party.

The facts are substantially as follows: Certain probate proceedings in which Miss Allie Kendall sought to be appointed guardian of the estate of William Lawrence, a minor, was appealed to and tried by the district court of Hays county. That trial occurred on the 21st day of March, 1911, and resulted in a judgment against Miss Kendall and appointing David T. Peel as guardian of the estate of the minor. From that judgment Miss Kendall gave notice of appeal, and perfected the same by filing with the district clerk of Hays county an appeal bond, which was approved by him on the 12th day of April, 1911. A short time thereafter the clerk wrote to the attorneys who sent the appeal bond, stating that he had approved the same, and asking them to designate the papers and documents they desired to put in the transcript. Receiving no answer to that letter, respondent wrote a second letter to the same effect, and received no reply to it. No statement of facts or assignments of error were filed, and, not receiving any response to the letters referred to, the clerk supposed that the appeal had been abandoned, and therefore he did not prepare any transcript. The proof shows affirmatively that no application or request for a transcript was ever made other than the legal effect of filing the appeal bond.

It is very clear that in no event would relator be entitled to a writ of mandamus, or any other writ, compelling respondent to prepare and file in this court a transcript. Upon a proper showing she would be entitled to a writ requiring him to prepare and deliver to her or her attorneys a transcript, but, in order to obtain that relief, it would be necessary for her to show that he had willfully refused so to do. In her petition she stated under oath that "on said 12th day of April, 1911, she requested the said J. S. Davis, clerk, to make and prepare a transcript as the law requires." That allegation was disproved, not only by the testimony of respondent, but by the testimony of relator's attorney who had charge of the matter, and who testified, in effect, that he had no recollection of making any demand for a transcript otherwise than by filing the appeal bond. The respondent testified that he supposed the appeal had been abandoned, and was not aware of the fact that a transcript was desired until he was served with notice of this proceeding on the 22d day of March, 1912, and that, if such transcript is desired, he is willing to prepare the same and deliver it to relator or her attorneys, as the law prescribes.

[1] While rule 96 provides that the filing of an appeal bond shall be sufficient application to the clerk to prepare the transcript, rule 95 prescribes that he shall deliver it to either party or his counsel on demand, and rule 98 prescribes that he shall make an endorsement upon it, showing by whom it was applied for and to whom it was delivered. Rule 100 and articles 1015 and 1410 of the Revised Statutes make it clear that it is not the duty of the clerk, but is the duty of the appellant or plaintiff in error, to see that the transcript is filed in the appellate court within the time prescribed by law.

[2] Our conclusion is that while it was, and still is, the duty of respondent to prepare and deliver a transcript if relator or her counsel demand it, still, no specific demand having been made, and respondent having, in good faith and for sufficient reason, concluded that the appeal had been abandoned, relator is not entitled to the writ prayed for.

Mandamus refused.