KANSAS CITY, M. & O. RY. CO. OF TEXAS
v. STANFORD et al.

(Court of Civil Appeals of Texas. Amarillo.
June 1, 1912. On Motion for Rehearing.
June 29, 1912.)

1. APPEAL AND ERROR (§ 628*)—RECORD—
FILING TIME.

The statement of facts preliminary to an appeal having been filed with the clerk of the district court on December 8, 1911, and the 90 days in which the record could be legally filed in the Court of Appeals having expired February 22, 1912, the record was tendered on the next day, but was not filed, because the clerk certified that it reached his hands too late; whereupon appellant applied for an order requiring the clerk to file a transcript, statement of facts, and brief. It appeared that the transcript was in the hands of one of appellant's attorneys for more than two months before it reached the clerk of the Court of Appeals; and, though he filed an affidavit to the effect that the delay subsequent to February 9, 1912, resulted from the serious illness of his wife, there was nothing to excuse the delay of a month and a half preceding that date, during which the transcript might have been filed. *Held,* that the facts did not justify an order, permitting the filing of the transcript after time, under Sayles' Ann. Civ. St. 1897, art. 1015, providing that the court "for good cause shown may permit such filing after the expiration of ninety days from the filing of the appeal bond."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2750–2764; Dec. Dig. § 628.*]

On Motion for Rehearing.

2. APPEAL AND ERROR (§ 628*) — RECORD —
FILING—TIME—DELAY—EXCUSE.

Under Court of Civil Appeals rules 55, 56, and 60 (142 S. W. xv, xvi), permitting appellant to withdraw the transcript at any time before submission of the case for the purpose of briefing, the fact that the record was retained by counsel for appellant for the purpose of briefing the case was not sufficient excuse for failure to file within the time required.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2750–2764; Dec. Dig. § 628.*]

Appeal from District Court, Foard County; S. P. Huff, Judge.

Action by Mrs. Effie Stanford and others against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for plaintiffs, and defendant appeals. Motion to require the clerk to file a record after time denied.

L. W. Allred, of Chillicothe, and D. J. Brookreson, of Benjamin, for appellant. G. W. Walthall and Robert Cole, both of Crowell, and Allen & Allen and R. E. Taylor, all of Henrietta, for appellees.

HALL, J. [1] At the October term, 1911, of the district court of Foard county, appellees recovered judgment against appellant railway company in the sum of $9,500, interest and costs. The court adjourned for the term on the 11th day of November, 1911. Supersedeas bond was filed November 24, 1911. On the 4th day of December following, appellant's attorneys applied to the clerk for transcript, which was delivered to one of appellant's attorneys, who resided at Benjamin, in Knox county, on the 21st day of December, 1911. The statement of facts was filed with the clerk of the district court of Foard county on the 8th day of December, 1911. The 90 days having expired in which the record should have been filed in this court, appellees, on the 8th day of March, 1912, filed their motion to affirm on certificate. On the 21st day of March, 1912, appellant, in reply to the motion to affirm on certificate, filed its motion to require the clerk of this court to file the transcript, statement of facts, and briefs. The 90 days in which the record could be legally filed expired February 22, 1912. The clerk's indorsement upon the transcript shows that it was received February 23, 1912, but not filed, because it reached his hands too late.

It appears from the foregoing statement that the transcript was in the hands of one of the appellant's two attorneys for more than two months before it reached the hands of the clerk of this court. Under article 1015, Sayles' Civil Statutes, 1897, for good cause shown, this court may permit the transcript to be filed after the expiration of the 90 days from the date of the filing of the appeal bond. The question to be considered is whether or not the motion and the facts apparent from the face of the record show such good cause as the statute contemplates. It is clear that the transcript was in the hands of one of appellant's attorneys for more than one month and a half before any effort was made to brief the same. The motion to require the clerk to file the record ignores this period of time and the want of diligence therein, but alleges that on the 9th day of February the wife of the attorney to whom the transcript had been delivered was suddenly seized with a dangerous and acute malady, requiring him to take her to Ft. Worth for treatment by a specialist, and that the 13 days intervening passed without anything further being done by him with reference to the case. The facts stated show that he was fully justified during said 13 days in failing to take any action with reference to bringing the case into this court, because the condition of his wife required his constant attention and absence from his home; and, if the motion was otherwise sufficient, we would not hesitate to order the record filed. But no reason is shown for a failure on the part of either of appellant's attorneys to take some decisive action, to the end that the case might be filed here within the time, during the month and a half preceding February 9, 1912. It appears from the motion that counsel had telegraph and telephone facilities open to them, and that one of said attorneys reached Amarillo about 10 o'clock on the evening of the last day upon which said record could have been filed, but made no

attempt to communicate with the clerk, either before or after his arrival, in an effort to have the record filed on that day. As has been said in the case of Williams et al. v. Walker et al., 33 S. W. 556: "This court has not heretofore applied a rigid test to the sufficiency of motions to file records, especially when they were presented within a· day or two after the time had expired. Possibly too great indulgence has been shown in this matter, as it results in an unnecessary consumption of the time of this court in examining motions, countermotions, and conflicting affidavits. Where the fault is not with the clerk, it seems to us that the period of 90 days allowed by law affords counsel ample opportunity to prepare briefs and file the record here, especially so short a record as the one now offered. To grant this motion would be, we think, to annul the statute which fixes the limit upon what does not even approximate a good showing." This language is peculiarly applicable to the instant case, and, if we should decide to consider the motion favorably and permit the record to be filed, appellees would necessarily be delayed in having their cause submitted for more than 30 days, which in this case would mean a postponement to the next term of the court. The time of the court has unnecessarily been consumed in reading the motions and the reply thereto, and in investigating the merits of the controversy and consulting precedents. Faux v. Lamaire, 77 S. W. 439.

The motion to file the record failing to show good cause, and appellee's motion to affirm on certificate being in all things regular and sufficient, it is ordered that the motion to file record be overruled, and that the judgment of the lower court be and the same is hereby affirmed.

### On Motion for Rehearing.

At a former day of this term, we overruled appellant's motion to require the clerk to file the record and briefs in this cause and affirmed the judgment of the lower court on certificate. Appellant now insists, under Sayles' Civil Statutes, art. 1017, by a second motion to file the record, and by a motion for rehearing, that we were in error in the former opinion. The two motions last referred to were filed June 12, 1912. We held in our former opinion that because the first motion to file the record failed to show any reason why either of appellant's attorneys did not take some decisive action, to the end that the record might be filed within the time, during the month and a half preceding February 9, 1912, that it was insufficient. In this second motion attempt is made to excuse the seeming negligence and want of diligence during that period. It occurs to us that this is matter which should have been set up in the original motion, and the failure to do so is itself a want of diligence. The rec-

ord was permitted to remain in the hands of the clerk of this court from February 23d to March 21st, before the first motion to file the record was filed with the clerk, and no reason is shown for that delay.

[2] All of the motions filed by appellant in relation to this matter are predicated, apparently, upon the assumption that the retention of the record by them, for the purpose of briefing the case before filing the record in this court, would justify to some extent the delay. Rules 55, 56, and 60 (142 S. W. xv, xvi), Court of Civil Appeals, permit appellant to withdraw the transcript at any time before submission for the purpose of briefing. We readily understand how difficult it is for counsel to brief one case at intervals during the trial of other cases; but the motion showing that the record was in the hands of counsel while engaged in the trial of other cases, we are slow to believe that he would have been greatly discommoded by tying up the record at any time before the 9th of February and sending it to the clerk of this court, with a request that it be filed and returned to him under the above rules. The grounds set forth in the second motion have been held to be reasonable grounds for not preparing and filing a brief within the required time; and the courts are more liberal in construing the rules with reference to filing briefs than they are in the filing of transcripts. The reason of this construction is that justice to the appellee requires that the record be filed and the case docketed without unnecessary delay. Our attention has been called to an erroneous statement of fact in our former opinion as to the time of the arrival of appellant's attorney at Amarillo, which we have corrected.

For the reasons herein stated and set out in our former opinion, both the motion for rehearing and to file the record are overruled.