## MARTIN v. IRVIN.

(Court of Civil Appeals of Texas. Austin. June 5, 1912.)

CERTIORARI (§ 4*) — MANDAMUS (§ 3*) — TRANSCRIPT ON APPEAL — COMPELLING PREPARATION.

Mandamus, and not certiorari, is the proper remedy to compel the clerk to perform his ministerial duty of preparing the transcript on appeal.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 4; Dec. Dig. § 4;* Mandamus, Cent. Dig. §§ 8, 10–34; Dec. Dig. § 3.*]

Appeal from Bell County Court.

Action between A. O. Martin and V. Irvin. From the judgment, Martin appeals. On mo-

tion by Martin for certiorari against the county clerk of Bell county. Motion overruled.

Sam D. Ware, of Belton, for the motion.

KEY, C. J. This is a motion asking this court to isssue a writ of certiorari to compel the county clerk of Bell county to prepare and deliver to appellant or his attorney a transcript, in order that an appeal may be properly prosecuted. The motion or application does not ask that the clerk be cited and given a hearing, and asks for no other relief than a writ of certiorari.

Appellant attempts to show that he perfected his appeal by filing a pauper's oath in lieu of an appeal bond, and that the clerk has refused to prepare the transcript, after being requested so to do. As a general rule, when an officer refuses to perform a ministerial duty, the remedy to compel performance of such duty is a mandamus proceeding directly against such officer; and we hold that appellant has mistaken his remedy, and that he should have pursued that course in this case. Newton v. Leal, 56 S. W. 209; In re Lawrence Estate, 146 S. W. 701.

Motion overruled.