QUANAH, A. & P. RY. CO. et al. v. LECKIE.
(No. 831.)

(Court of Civil Appeals of Texas. Amarillo. March 27, 1915. Rehearing Denied May 8, 1915.)

APPEAL AND ERROR ⬤⇒628—RECORD—FILING TRANSCRIPT—FAILURE TO FILE IN TIME—EFFECT.

Where appellant, after filing a supersedeas bond, delayed nearly a month before requesting the clerk to prepare a transcript, and thereafter waited more than four months while the clerk failed to deliver such transcript and put appellant's attorney off with promises, who failed to resort to mandamus against the clerk, the judgment should be affirmed on appellee's motion; no sufficient excuse having been shown by appellant for not having filed the transcript within the statutory time, 90 days, or at

least within 30 days after the expiration of such term.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2750–2764; Dec. Dig. ☞ 628.]

Appeal from Motley County Court; C. B. Whitten, Judge.

Action by T. E. Leckie against the Quanah, Acme & Pacific Railway Company and others. Judgment for plaintiff, and defendants appeal. On motion to affirm on certificate. Affirmed.

D. E. Decker, of Quanah, G. E. Hamilton, of Matador, and F. H. Haddix, of Ft. Worth, for appellants. T. T. Bouldin, of Matador, for appellee.

HALL, J. Supersedeas bond of appellant was filed in this case August 19, 1914. Appellants' counsel wrote the clerk of the county court of Motley county on September 5, 1914, to prepare the transcript. A partial transcript was prepared and sent the attorney in order that he might prepare his assignments. The incomplete transcript, with the assignments, was returned to the clerk October 23, 1914, with request to complete the transcript and return it in its completed form to the attorney for appellant at the earliest possible moment. Nothing more was done until November 14th, when appellants' attorney wired the clerk to know when the transcript would be completed, and informing him that it was due to be filed in this court on the following Tuesday. The matter seems to have rested until December 8th, when appellants' counsel again wrote the clerk to know why the transcript had not reached his hands. It seems he made a trip from Ft. Worth to Matador in the early part of January to see about the matter when the clerk informed him that he would go to work on the transcript within a week, and, having failed to do so, counsel again wrote him on February 23d, threatening to procure a mandamus if the record was not forthcoming. On March 6th the clerk wired counsel that the "transcript will be mailed Monday." It seems it was not mailed, and appellee filed a motion to affirm on certificate, together with the necessary transcript in this court on March 13th.

Appellant replied to the motion to affirm, setting up the facts hereinbefore stated, and asked this court for rule against the clerk of the county court, commanding him to forthwith make out and furnish to this court or to appellants' counsel for filing herein a full and proper transcript of all the proceedings. The clerk has been extremely negligent in the performance of his duties, but the appellant had an adequate remedy by mandamus for compelling that official to comply with his request. Article 1592, V. S. Civ. St. (R. S.); Martin v. Irvin, 147 S. W. 1164.

Appellant delayed nearly a month before requesting the clerk to prepare a transcript, and has waited more than four months before resorting to his remedy under the statute. It we should now mandamus the clerk to prepare the transcript, as requested, it would result in a postponement of this case for this term. This would be a gross injustice to appellee. No sufficient excuse has been shown by appellant for not having filed the transcript within the statutory time, or at least within 30 days after the expiration of the 90 days. K. C., M. & O. Ry. Co. v. Stanford, 149 S. W. 1064; Casey v. Bell, 133 S. W. 478; Savage v. State, 148 S. W. 584, and authorities cited.

The judgment of the lower court is in all things affirmed.