QUANAH, A. & P. RY. CO. et al. v. WATKINS. (No. 1120.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 13, 1916. On the Merits, Feb. 21, 1917.)

1. APPEAL AND ERROR ⟨💧⟩628(2) — FILING TRANSCRIPT — PERMISSION OF APPELLATE COURT.

Permission is reluctantly granted to file a transcript presented three days late, where appellants' uncontroverted affidavits showed repeated requests were made of the clerk below to prepare it promptly and he promised to do so, but failed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2751–2755.]

On the Merits.

2. DAMAGES ⟨💧⟩148 — ATTORNEY'S FEES — PLEADING.

Allegations that plaintiff promised his attorney a certain fee are insufficient to authorize a recovery under Rev. St. art. 2178, allowing reasonable attorney fees to be taxed in certain cases where claims are not paid within 30 days.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 410, 412.]

3. JUSTICES OF THE PEACE ⟨💧⟩100(1) — APPEALS—SUFFICIENCY OF PLEADINGS.

While technical rules of pleading do not apply on appeals from a justice court, yet where plaintiff states the issues, he is confined to his pleadings.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 336–340.]

Appeal from Motley County Court; O. B. Whitten, Judge.

Action by W. D. Watkins against the Quanah, Acme & Pacific Railway Company and another. Judgment for plaintiff, and defendants appeal. Affirmed upon condition.

D. E. Decker, of Quanah, and G. E. Hamilton, of Matador, for appellants. A. B. Crane and T. T. Bouldin, both of Matador, for appellee.

HALL, J. [1] Appellant moves the court for permission to file the transcript, which reached the clerk of this court 3 days after the expiration of the statutory time for filing it here. The uncontroverted affidavit of the attorneys for appellant shows that they repeatedly, during the 90 days requested R. A. Seay, clerk of the county court of Motley county, to prepare the transcript, and that he promised them faithfully every time to comply with their request, and utterly failed to do so. We doubt the propriety of granting this motion, since it appears that this is the same clerk whose dereliction was considered in the case of Q., A. & P. Ry. Co. v. Leckie, 176 S. W. 662, and appellants were forcibly reminded in that case that they could not depend upon his promises. If appellant had applied for a mandamus, stating the facts set up in this motion, this court would have granted the relief. The granting of this motion must not be taken as a precedent, especially in cases where attorneys know from experience, that the clerk of the trial court is habitually negligent in the performance of his duties.

The motion is reluctantly granted.

On the Merits.

HUFF, C. J. The first, third, and fourth assignments presented by the Ft. Worth & Denver City Railway Company, and the second, third, and fourth assignments of the Quanah, Acme & Pacific Railway Company, are overruled.

[2] The first assignment of the Quanah, Acme & Pacific Railway Company and the second assignment of the Ft. Worth & Denver City Railway Company are sustained. These assignments complain at the action of the trial court in overruling the fourth special exception to the appellee's amended answer, filed in the county court. The allegation therein is "that plaintiff employed attorney to represent him in his cases for which he has agreed to pay a fee of $20." This allegation stated no cause of action against either of the appellants for such fee. The only authority for recovering attorney's fees that we have any knowledge is under article 2178, Revised Civil Statutes. A claim must, under that article, be presented to the party inflicting the injury and at the expiration of 30 days after the presentation, if the railroad does not pay, the same suit may be brought, and if the claim is fully established and judgment for the full amount thereof as presented is rendered, the claimant may recover a reasonable attorney's fee, to be determined by the court or jury trying the case. There is no allegation that the claim was so presented, or, if so, its amount and no evidence in the record of any such claim having been made. The allegation is not that the court or jury allow a reasonable attorney's fee, but that the appellee agreed to pay his attorney $20. This allegation clearly does not authorize a recovery under the above article.

[3] It is contended by appellee that this was a suit instituted in the justice court where the pleadings are oral, and that the rules of pleading as to form and strictness will not apply. The pleadings, however, herein are in writing, in the county court. Technical rules of pleading do not apply to cases originating in an appeal from the justice court. The form in which the cause of action is stated is of no importance. If from all that is stated the court can ascertain what right the plaintiff asserts, this will be sufficient, but where the plaintiff undertakes

to plead and states the issues on which he relies he is confined to his pleadings. Railroad Co. v. Red Cross Stock Farm, 22 Tex. Civ. App. 114, 53 S. W. 834; Houston, E. & W. T. Railway Co. v. Eastern Texas Railway Co., 57 Tex. Civ. App. 488, 122 S. W. 972; Railway Co. v. Welbourne, 113 S. W. 780. The pleadings in this case ask for attorney's fees upon an agreement between the appellee and his attorney. This he was not entitled to recover from the appellants. He did not sue for a reasonable attorney's fee on the ground that the appellants had refused to allow and pay a just claim presented 30 days before suit was instituted. The trial court should have sustained the exception. In rendering the judgment the court allowed the entire claim sued for, with the exception of 10 cents. The suit was for $195, and the judgment for $194.90. This amount included the $20 attorney's fees sued for. Under the pleadings and evidence the court was not authorized to allow this amount. If the appellee will file within 30 days a remittitur of $20, $4.55 of which will be credited on the judgment against the Quanah, Acme & Pacific Railway Company and $15.45 on the judgment against the Ft. Worth & Denver City Railway Company, the judgment will be affirmed, with costs against appellee on appeal; otherwise, it will be reversed and remanded.