**AUSTIN, Commissioner of Banking, v. BRELS-FORD et al. (No. 205.)**

(Court of Civil Appeals of Texas. Eastland. Oct. 22, 1926. Rehearing Denied Dec. 31, 1926.)

**1. Appeal and error ⬤⇒628(1)—Appellant held inexcusably lacking in diligence in not filing record in time.**

Appellant *held* lacking in diligence, without excuse, in not filing record in appellate court within statutory time expiring February 20th, where he received statement of facts on preceding November 30th, bills of exceptions were not delivered to clerk until time for filing transcript had expired, and no request was made until February 13th for transcript and depositions, which deputy district clerk had misplaced.

**2. Appeal and error ⬤⇒644(1)—Rule that informalities are waived by not filing motions within 30 days after filing of transcript held inapplicable to transcript filed without authority after expiration of time therefor.**

Court of Civil Appeals rule 8, providing that informalities in bringing case into court shall be considered waived, if party can do so, unless motions relating thereto are filed and entered on motion docket within 30 days after filing of abstract, *held* inapplicable to transcript filed without authority 6 days after expiration of time for filing.

**3. Appeal and error ⬤⇒644(1)—Filing of transcript after time fixed by clerk without authority held not within rule that informalities are waived by not filing motions within 30 days thereafter (Court of Civil Appeals rule 8).**

Filing of transcript after time fixed by clerk, without order from court, cannot be construed as filing provided for in Court of Civil Appeals rule 8, as to waiver of informalities in bringing case into court, unless motions relating thereto are filed and entered on motion docket within 30 days after filing of transcript.

*On Motion for Rehearing.*

**4. Appeal and error ⬤⇒628(2)—Reporter's delay in sending excerpts from notes held not good cause for delay in ordering transcript (Rev. St. 1925, arts. 1839, 2324).**

Court reporter's negligent delay in sending appellant's counsel excerpts from shorthand notes to be used in preparing bills of exceptions *held* not good cause, within Rev. St. 1925, art. 1839, for delay in ordering transcript, not filed within statutory time, in view of article 2324, defining reporter's duty.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by Charles O. Austin, Commissioner of Banking, against H. P. Brelsford and others. Judgment for defendants, and plaintiff appeals. Statement of facts and transcript ordered stricken, and case dismissed.

W. J. Rogers, of San Antonio, for appellant.

Scott, Brelsford, Ferrell & Brelsford and Funderburk & Richardson, all of Eastland, for appellees.

PANNILL, C. J. This suit was brought by Chas. O. Austin, Commissioner of Banking, in his official capacity, and judgment was rendered in favor of the defendants on the 22d day of November, A. D. 1925, and notice of appeal given. No motion for new trial was filed, but the appeal is prosecuted on said notice referred to. The commissioner not being required to give bond, the appeal was perfected by the giving of such notice and the 90 days allowed by law for filing the transcript began on November 22d, and the last day for filing the transcript would expire on February 20, 1926. Conclusions of fact and law were requested and filed within 10 days after the adjournment of court. A statement of facts was prepared by the stenographer and certified by him on the 30th of November, A. D. 1925, signed by appellant's attorneys, approved and ordered filed by the trial judge on the 30th day of November, A. D. 1925, but the statement of facts was not delivered to the clerk of the trial court for filing until January 23, 1926. The certificate on the transcript shows that it was applied for by attorney for appellant on the 10th day of February, the year not given, and delivered by the clerk of the trial court to the clerk of this court on the 26th day of February, A. D. 1926, 6 days after the time expired for filing the statement of facts and transcript in this court. Without an order and by inadvertence, the transcript and statement of facts was filed in this court on the 26th day of February, A. D., 1926.

Appellees objected to the consideration of appeal, because neither statement of facts or transcript was filed in this court within the time prescribed by law. Appellant thereupon filed a motion for permission to file a statement of facts and transcript in this court, and attached to said motion is an affidavit of W. H. McDonald, deputy district clerk of Eastland county, in substance that one of the attorneys for the appellant requested said deputy clerk on February 13, 1926, to prepare a transcript, and at the same time asked for deposition of one of the witnesses in said cause, that said attorney might prepare his bills of exceptions; that said deputy immediately made search for the deposition, but was unable to find same, but he did not communicate this fact to appellant's attorney. Whereupon said deputy received another request for deposition, and made another search, and found it, and delivered the deposition to appellant's attorney. The transcript shows that the bills of exceptions were filed on February 25, 1926. The affidavit of said deputy further shows that the bills of exceptions were

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

filed within 3 days and all papers included in said transcript.

The affidavit further states that the transcript would have been completed and filed within 90 days if the above deposition had not been misplaced and had been available for appellant's attorney to prepare his bills of exceptions; that when he got the said transcript prepared he immediately filed same with the clerk of the Court of Civil Appeals as requested by appellant's attorney, and explained to said clerk that the delay was through no fault of the attorney, and that the clerk of the Court of Civil Appeals accepted same and filed it; that this deputy clerk did not make known that said record was not filed in time, because he presumed that, since the clerk had actually filed it, it would be regarded as having been filed within the required time.

[1] Under this statement, we must hold that appellant has been lacking in diligence, and that no excuse has been shown for the failure to file the record in this court in the time as provided by law. When appellant's attorney received the statement of facts, which he did on November 30th, he should have within a reasonable time prepared his bills of exceptions. The bills of exceptions were not delivered to the clerk until the time for filing the transcript had expired. Furthermore no excuse is presented for waiting until February 13th for request for the transcript and for the depositions, in order that the transcript could be prepared.

[2] Appellant relies on rule 8 for the Courts of Civil Appeals, which provides that all motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within 30 days after the filing of the transcript in the Court of Civil Appeals; otherwise, the objection shall be considered as waived, if it can be waived by the party. We do not believe that this rule has any application to a transcript filed without authority and 6 days after the time it expires. The statute requires the transcript to be filed within 90 days and provides that the Court of Civil Appeals may permit it to be filed at a later date. This statute has been construed as requiring good cause to be shown before the Court of Civil Appeals can permit such filing after the time expires.

[3] As a matter of law, this transcript has never yet been filed, because it was filed after the time provided for by the clerk without an order from this court. This cannot be construed as a filing of the transcript provided for in said rule. A case might arise where the appellee should so conduct himself as to be estopped from insisting that the transcript had not been filed in time as was held in Robson v. Moore (Tex. Civ. App.) 166 S. W.

908; City of Eagle Lake v. Lakeside Sugar Ref. Co. (Tex. Civ. App.) 144 S. W. 709, but the facts of those cases are not analogous to the one under consideration. In those cases the transcript had been filed in one Court of Civil Appeals, and the cause thereafter transferred by the Supreme Court to another, and some months after the transfer motion was made to dismiss appeal, because the file mark on the transcript disclosed that it was not filed in time. The holding was that the court would presume that the clerk of the court in which the transcript was filed would not have filed it without an order; but here we know that this court has made no order authorizing the filing of this transcript.

Believing that no sufficient excuse is shown for not having filed the transcript within the time ordered, the statement of facts and transcript are ordered stricken out, and the case dismissed. Quanah, A. & P. Ry. Co. et al. v. Watkins (Tex. Civ. App.) 193 S. W. 356.

### On Motion for Rehearing.

[4] Appellant has filed in connection with his motion a number of exhibits to show that the delay in ordering the transcript arose from the failure of the court reporter to send, prior to February 13, 1926, to counsel for appellant, excerpts from the reporter's shorthand notes as to the bills of exceptions taken by appellant at the trial; these excerpts to be used in preparing the Bills of exception. Assuming that the reporter was guilty of negligence, we do not believe this amounts to good cause, as required by article 1839, Revised Statutes 1925. Article 2324, Revised Statutes, defines the duty of the reporter in that regard to furnish in question and answer, or in narrative form, any portion of the proceedings, including all oral testimony offered, objections thereto, rulings and remarks of the court, and all exceptions thereto.

In this instance this transcript of the notes was requested January 12th, and furnished on January 30th, but the transcript of the reporter's notes did not contain the testimony excluded; then on February 13th order was made for transcript, and request for certain depositions to show the testimony excluded, as stated in the original opinion. We do believe we would be authorized to permit this record to be filed under the facts stated. If this was the only case, we might waive the rule; but this case will be a precedent in this court, and other parties will have a right to the same indulgence as appellant. One violation of the rule will lead to another, until the rule, instead of being an aid to expediting the submission of cases, will be a hindrance.

The motion will be overruled.