## MARTIN WEISS CO. v. SCHWARTZ.
### (No. 302.)

Court of Civil Appeals of Texas. Eastland. April 29, 1927.

1. **Landlord and tenant �köö94(6)—Lessee cannot terminate lease under provision that lessor may terminate lease on 6 months' notice.**

Provision that lease should become void on expiration of 6 months' written notice to vacate by lessor to lessee, was for lessor's exclusive benefit, and lessee could not terminate lease thereunder.

2. **Landlord and tenant �köö195(1)—Lessee, not unconditionally accepting lessor's proposition to terminate lease, could not vacate premises without liability for rent.**

Under lease providing that lessor could terminate lease upon 6 months' written notice

to vacate, where lessee said something about vacating premises and lessor replied, "The sooner the better," but lessee did not act upon suggestion at time, but subsequently wrote lessor that he would vacate premises 6 months after lessor had told him to move, lessee could not thus terminate lease without being liable for rent, since he did not unconditionally accept lessor's proposition to vacate premises.

3. **Contracts �köö23—An acceptance must be unconditional.**

An acceptance, to bind offer, must be unequivocal and unconditional.

4. **Contracts �köö24—Acceptance varying terms offered is a "rejection."**

If acceptance varies terms offered, it is a "rejection," and puts an end to proposed agreement.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reject—Rejection.]

Appeal from Dallas County Court; Wiley A. Bell, Judge.

Suit by Martin Weiss, trading in the name of the Martin Weiss Company, against Alfred Schwartz, originating in justice court. Judgment for plaintiff in justice court, and on appeal to the county court judgment was rendered for defendant, and plaintiff appeals. Reversed and rendered.

W. P. Donaldson, of Dallas, for appellant.
Church, Read & Bane and R. J. Dixon, all of Dallas, for appellee.

LESLIE, J. This suit was brought by Martin Weiss, trading in the name of Martin Weiss company, plaintiff, against Alfred Schwartz, defendant, originating in the justice court of precinct No. 1 of Dallas county, Tex. Plaintiff seeks to recover $166.66, representing rental at $83.33 per month of certain premises located in the city of Dallas. The defendant answered by general demurrer and general denial. The trial in justice court resulted in a judgment for the plaintiff, but the trial on appeal to the county court resulted in a judgment for the defendant. The suit was predicated upon a written contract whereby the premises were rented by Weiss to Schwartz for two years and six months, beginning January 1, 1921, and binding the lessee to pay his monthly rentals in advance, and providing in paragraph 5:

"That in case of default * * * the lessor may * * * resume possession of the premises and relet same for the remainder of the term * * * for account of the lessee who shall make good any deficiency. * * *"

Paragraph 6 of the base contract was as follows:

"That this lease shall become null and void upon expiration of a six months' written notice to vacate by the lessor to the lessee."

Under the agreement referred to, Schwartz occupied the upper story of the building and Weiss the lower. Early in October, 1923, a controversy arose between them over the manner in which Schwartz was using his portion of the building, and something was said at that time about Schwartz vacating the premises. Thereupon Weiss replied, among other things, "The sooner the better," and, as he turned to walk away, Schwartz called to him and said, "I think I will take you up on that." At the conclusion of the testimony, the trial court submitted the case to the jury upon the single question or issue: "Did Mr. Weiss tell Mr. Schwartz to vacate the premises 'the sooner the better'?" To this the jury answered, "Yes." Some time after the above disagreement, and on October 7th, Schwartz wrote Weiss:

"I hereby notify you that I will vacate your premises on May 1, 1923, or six months after you told me to move. * * *"

On June 20th following, Schwartz again wrote him:

"About the two months' rent, beg to say that Miss Hintz and I will both swear that you ordered me to leave about six months before I moved, and, as my lease calls for six months' notice, I take an advantage of it and stayed six months and moved. * * *" ..

Evidently the lessee, Schwartz, in his correspondence and as shown by his testimony, predicated his right to terminate the lease contract upon paragraph 6 thereof as above quoted.

[1] A clause in a lease contract in the nature of the one under consideration is for the lessor's exclusive benefit and not the lessee's. There is no authority in law authorizing the lessee to take advantage of such a stipulation and appropriate it to his own use in terminating a lease contract which he had agreed to and had omitted to have inserted therein a like provision in his own interest. Brady v. Nagle (Tex. Civ. App.) 29 S. W. 943; Morris v. Wolfe, 11 Tex. Civ. App. 701, 33 S. W. 556.

There is nothing in the lease contract authorizing appellee, Schwartz, to terminate the lease contract, either with or without notice to appellant, Weiss. Had the contract contained such authority, there is no evidence in this record that the attempted notice of October 7th was ever delivered to the landlord, Weiss; the testimony of Schwartz being that he delivered such notice or letter to Weiss' negro porter with instructions to deliver it to Weiss.

[2-4] The finding by the jury that, during the controversy referred to Weiss told Schwartz to vacate the premises "the sooner the better;" is but a finding upon an evidentiary matter and not controlling in the disposition of this appeal. No opinion is expressed as to what Schwartz's rights would have been had he then and there acted upon the suggestion of his landlord and vacated the premises. This he did not do, but, on the contrary, subsequently wrote his landlord, "I hearby notify you that I will vacate your premises on May 1, 1923, or six months after you told me to move, * * * undertaking to avail himself of the clause of the contract inserted for the benefit of the lessor only. The reply of appellee, Schwartz, to the appellant's proposition to vacate the premises "the sooner the better," as well as the written communication just quoted, was in no respect an acceptance of the proposition by Weiss to vacate the premises. An acceptance to bind the offer must be unequivocal and unconditional, and, if it vary the terms offered, it is a rejection, and puts an end to the proposed agreement. Flomerfelt v. Hume, 11 Tex. Civ. App. 30, 31 S. W. 679; Edgeworth v. Talerico (Tex. Civ. App.) 95 S. W. 677.

The terms of the lease contract have been carefully examined, together with the written communications addressed to Weiss by the tenant, Schwartz, and this taken alone, and especially in connection with Schwartz's testimony, together with the further testimony of the landlord's inability to lease the premises to any other person during the two months for which rent is claimed, lead to the conclusion that there is no merit in the appellee's defenses, and that the judgment of the trial court ought to be reversed and rendered by this court.

It is therefore ordered and decreed that the judgment of the trial court be reversed and rendered in favor of the plaintiff, Martin Weiss Company, against the defendant, Alfred Schwartz, and the sureties on his appeal bond, for the sum of $170.07, with interest thereon at the rate of 6 per cent. per annum from November 3, 1924, together with all costs in this behalf expended, for which appellant may have his execution.