## BRADLEY v. ENGLISH.

### No. 5182.

Court of Civil Appeals of Texas. Amarillo.

Oct. 16, 1939.

Rehearing Denied Dec. 11, 1939.

Walter F. Schenck, of Lubbock, for appellant.

McWhorter & Howard, of Lubbock, for appellee.

STOKES, Justice.

This case is before us upon a motion of appellant for an extension of time in which to file the transcript and statement of facts. The record shows the judgment was rendered on the 6th of July, 1939. The motion for a new trial was overruled on the 15th of July, 1939, which was the last day of the term. Notice of appeal was duly entered and the record presented to the clerk of this court for filing on the 25th of September, 1939, which was 72 days after the motion for a new trial was overruled. It is alleged in the motion that the record could not sooner be filed because the county clerk has been crowded with business as shown by his certificate filed with the motion. The certificate of the clerk states that because of the unusually heavy duties of his office, more especially in the recording department, it was impossible for him to prepare and deliver the transcript until the 20th of September, 1939; that such delay was unavoidable and not intentional on the part of the county clerk's office.

Art. 1839, R.C.S. 1925, as amended in 1933 by the 43rd Legislature, Vernon's Ann.Civ.St. art. 1839, provides that the appellant shall file the transcript in this court within sixty days from the final judgment or order overruling the motion for a new trial or service of the writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days, after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period, why said transcript and statement of facts could not be so filed, this court may permit the same to be thereafter filed upon such terms as it shall prescribe. It will be noted that the privilege of filing the record after the expiration of the sixty-day period is not extended to appellant as a matter of right, but only upon a motion duly filed showing good cause to have existed within such sixty-day period why the transcript and statement of facts could not be filed within the time provided by the statute. The only "good cause" presented by the motion and the clerk's certificate now before us is that the county clerk's office was burdened with unusually heavy duties, especially in the recording department. It has been held by the courts of this state from an early day that such a situation does not constitute good cause for failure to present and file the record within the time provided by statute. To sustain the proposition that unusually heavy duties in other respects is a sufficient excuse for the failure of the clerk to prepare a record for appeal to this court would be equivalent to holding that the matter of recording deeds, mortgages and other routine matters pertaining to a clerk's office is of more importance than the duty of preparing a record for appeal to this court. We cannot accede to such a proposition. The statute plainly provides that the record must be filed in this court within sixty days after final judgment or the overruling of a motion for new trial. It is only for good cause shown by motion filed within fifteen days thereafter that the record may be later filed. No application was filed in this court for a mandamus requiring the clerk to prepare the record. If such an application had been filed the relief, no doubt, would have been granted. The law authorizes clerks to have deputies and it is no excuse, therefore, to say that the clerk did not have time or was too busily engaged in other departments, to prepare the record for filing in this court. Kernaghan v. Hall, 31 Tex. 126; Austin, Commissioner v. Brelsford et al., 289 S.W. 91; Quanah, A. & P. Ry. Co. v. Watkins, Tex.Civ.App., 193 S.W. 356.

The motion is overruled.